## Puig *v.* Soto.

### Apelación procedente de la Corte de Distrito de San Juan, Sección Primera.

No. 772.—Resuelto en marzo 13, 1912.

Apelación—Alegato del Apelante—Motivos del Recurso.—Al redactar el abogado del apelante su alegato debe consignar los errores o motivos del recurso sucinta y escuetamente sin argumentarlos ni fundamentarlos con citas, pudiendo luego aisladamente discutir 'y argumentar cada uno de los errores alegados como base del recurso.

Desahucio—Suspensión del Juicio—Moción de Suspensión—Diligencia.—La concesión de una moción de suspensión del juicio en casos civiles descansa en la sana discreción del tribunal sentenciador. La solicitud interesando dicha suspensión no sólo debe alegar que la parte ha obrado con actividad para obtener la prueba que le falta y por la cual quiere aplazar el juicio, sino que debe expresar los actos ejecutados por él demostrativos de la actividad desplegada.

Id.—Suspensión del Juicio—Prueba Acumulativa.—La moción jurada pidiendo la suspensión de un juicio fundada en que necesita el demandado tiempo para poder presentar la declaración de la parte demandante ausente para probar que no se le hizo requerimiento para terminar el contrato de arrendamiento, no es suficiente para obtener dicha suspensión porque dicha declaración es prueba de carácter acumulativo y ese extremo puede probarse por medio de otros elementos probatorios.

Id.—Naturaleza de la Acción de Desahucio—Defensas Impertinentes—Embargo de la Finca Objeto del Desahucio.—El único objeto y fin de la acción de desahucio es determinar el derecho de la parte demandante a la posesión de la finca objeto del litigio y es una defensa impertinente é insuficiente la alegación del demandado de que la finca objeto del desahucio ha sido embargada juntamente con los cánones del arrendamiento y se halla bajo la acción judicial de la Corte de Distrito de San Juan.

Id.—Arrendamientos Mensuales—Terminación del Arrendamiento.—Alquilada una finca urbana por cánones mensuales de arrendamiento se entiende hecho el contrato por meses y por lo tanto puede el arrendador dar por terminado dicho contrato al fin de cualquier mes, notificando en ese sentido al arrendatario, el cual está en la obligación de desalojar la finca al expirar el mes.

Id.—Notificación de Término del Arrendamiento—Copia Carbón de una Carta—Pruebas.—La notificación hecha por el arrendador al arrendatario, por medio de una carta cursada por correo, para dar por terminado el alquiler mensual de una casa, es eficaz en derecho y es admisible para probar este extremo la copia carbón en maquinilla hecha al escribir el original, pues dicha copia carbón surte los mismos efectos que el original.

Id.—Tácita Reconducción.—No existe la tácita reconducción en el caso de autos en que el arrendador con fecha 24 de mayo notificó al arrendatario que el arrendamiento expiraba el día 31 de mayo, habiendo presentado la demanda de desahucio el día 7 de julio.

Id.—Defensas Insuficientes—Incumplimiento del Contrato por el Arrendador.—En un juicio de desahucio no pueden discutirse cuestiones relativas al incumplimiento del contrato de arrendamiento por el arrendador y por tanto las defensas presentadas por el demandado alegando dicho incumplimiento son impertinentes e insuficientes en esta clase de juicios.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. López Landrón y Rincón.*

Abogado del apelado: *Sr. Eduardo Acuña.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este es un caso de desahucio. Concepción Puig, que es la demandante en esta acción, inició un pleito el día 7 de julio de 1911, en la Corte de Distrito del Distrito Judicial de San Juan, Sección 2ª, contra Manuel Soto, para que se le pusiera en posesión dentro del término de veinte días, de la casa de dos pisos No. 9, en la Calle de San Justo, ciudad de San Juan.

En su demanda, la demandante alega en substancia lo siguiente:

"Que la demandante, residente en España, es la dueña de la casa designada con el No. 9 en la calle de San Justo de la ciudad de San Juan, Puerto Rico; y que hacia el mes de septiembre, 1907, alquiló la referida casa que se compone de dos pisos, uno bajo y otro alto, al demandado que reside en San Juan, con el que celebró un contrato verbal de arrendamiento, sin fijar término alguno de duración, conviniéndose por las partes, que el demandado pagaría como alquiler la cantidad de $110 mensuales. Alega además la demandante, que el demandado tiene ocupada la planta baja de dicha casa con un establecimiento para la venta de muebles, y la alta con su vivienda, encontrándose actualmente en posesión de la referida casa; alega además la demandante que dió aviso al demandado que el contrato de arrendamiento lo daba por terminado, el día 30 de mayo de 1911; que no obstante este aviso y el tiempo transcurrido desde el 30 de mayo, el demandado ha continuado y continúa actualmente ocupándola como antes."

El demandado contestó esta demanda, negando en *primer*

término, algunas de sus alegaciones, admitiendo la certeza de otras y exponiendo además, que estando el piso alto de la casa alquilada, en condiciones ruinosas por no hacerse las reparaciones necesarias, nadie lo ocupaba como sitio de vivienda, y que el demandado había seguido ocupando ambos pisos de la expresada casa con el consentimiento y conformidad de la demandante, o de su agente, y por virtud del contrato de arrendamiento renovado tácitamente.

Como *segunda* defensa alegó también el demandado que la demanda en conjunto no expone hechos suficientes para constituir una causa de acción.

Como *tercera* defensa alegó también el demandado otros dos motivos que son en substancia como sigue:

Que el demandado ha cumplido, desde la fecha en que se otorgó el contrato de arrendamiento, con todas las condiciones que le fueron impuestas por virtud de dicho contrato; y que la demandante no ha hecho en la finca urbana arrendada las reparaciones necesarias para conservarla en estado de servir para el uso de vivienda.

Alegó además el demandado como *cuarta* defensa, que el contrato de arrendamiento referido en la primera defensa de su contestación está aún subsistente con aquiescencia, ratificación y afirmación de la demandante por medio de su apoderado.

Alegó por último el demandado, una *quinta* defensa en la que exponía primeramente que la finca urbana objeto de este pleito, ha sido embargada junto con las rentas debidas, con arreglo al contrato, y se encuentra bajo las órdenes de la Honorable Corte de Distrito de San Juan, Sección 2ª, y en segundo lugar, que los productos provenientes de las rentas se han entregado puntualmente y puesto a la disposición de la referida corte, devengando intereses, según el contrato de arrendamiento en vigor. Por todas estas consideraciones el demandado pidió que se desestimara el caso con las costas.

En el juicio se hicieron las alegaciones, presentándose la

prueba, e informaron las partes, dictando la corte su senten-
cia que es substancialmente como sigue:

"El demandante tiene derecho a la posesión de la casa y también
a una sentencia en la que se ordene al demandado Manuel Soto que
dentro del término de quince días desaloje y deje expedita la casa, y
si dejare de hacerse esto, se procederá al lanzamiento por el marshal.
La demandante tiene también derecho a que se dicte sentencia a su
favor por las costas que sean aprobadas."

Contra esta sentencia el demandado interpuso apelación
para ante este Tribunal especificando en sustancia cinco erro-
res o infracciones de ley, como los denomina, que alega se
cometieron por la corte inferior en este caso.

Al hacer en el alegato el señalamiento de los errores que
se alegan fueron cometidos por la Corte inferior, el abogado
debe tratar de presentarlos de la manera más concreta y con-
cisa que sea posible, expresando los verdaderos puntos en que
se funda, sin discutir o citar autoridades. Como al argumen-
tarse cada señalamiento de error, puede desde luego am-
pliarse con más o menos extensión y hacerse citas de autorida-
des en apoyo del mismo, la innecesaria preparación al especi-
ficar el error oscurece la cuestión que se trataba de presen-
tar, y debilita la fuerza del argumento en la que se pretende
se fundan los principios enunciados. Estas observaciones se
hacen para ayudar en lo posible a los miembros del foro en la
preparación de los señalamientos de errores. Considerare-
mos las cuestiones que han sido presentadas por el abogado
del demandado por el orden en que aparecen en el alegato.

I. Negativa de suspensión. Alega el apelante, que la corte
infringió el artículo 202 del Código de Enjuiciamiento Civil,
porque habiéndose cumplimentado todas las previsiones re-
queridas por ese artículo al hacer su solicitud, la corte denegó
no obstante la suspensión del juicio, causando indefensión al
demandado por falta de una prueba directa para probar que
el contrato de arriendo había sido renovado por falta de re-
querimiento de aviso previo por parte de la dueña de la casa,
Concepción Puig. Alega el apelante que tal negativa de sus-

pensión determinó necesariamente la nulidad del juicio, y el procedimiento debe reponerse al ser y estado en que se hallaba al desestimarse la moción de transferencia del juicio. También alega el apelante, que la corte denegó la aplicación de las disposiciones del artículo 202 del Código de Enjuiciamiento Civil, por el fundamento de que tal petición de suspensión debió haberse hecho antes. El apelante sostiene que este motivo no puede ser tomado en consideración porque la ley no precisa plazo anterior al acto del juicio para presentar la petición, sino que requiere tan sólo que se formule la solicitud antes de darse principio a la práctica de la prueba que debe tener lugar durante el juicio, siendo ésta la práctica habitual en tales casos.

El artículo 202 del Código de Enjuiciamiento Civil en tanto en cuanto pueda ser de aplicación al señalamiento de este error, es como sigue:

"Una moción para transferir un juicio por falta de prueba, sólo puede hacerse mediante declaración escrita y jurada demostrando la importancia esencial de la prueba con que se cuenta, y que se ha practicado la debida diligencia para obtenerla."

Debe tenerse presente, según consta de los autos, que cuando el caso fué llamado a juicio, el demandado expresó que estaba listo para entrar en juicio. La declaración jurada en que se fundó la moción de suspensión, alegó en substancia que si se hubiera permitido presentar la declaración de la demandante, Concepción Puig, se hubiera probado que el demandado no había sido requerido para finalizar el contrato. Aun cuando ese fuera el objeto de la prueba, ésta hubiera sido simplemente acumulativa, puesto que si existió este hecho pudo haberse probado por medio de otras pruebas. Debe notarse también que aunque la declaración jurada expresa que se ha empleado la debida diligencia para adquirir la prueba con la que se trata de probar que no se hizo el debido requirimiento al demandado, sin embargo, nada se dice en la referida declaración jurada con respecto a la clase de diligencia que se

empleó.   La solicitud interesando la suspensión del caso no
cumple, en lo que a estos particulares se refiere, con el estatu-
to que ha sido citado por el propio apelante.   Además, no
debemos perder de vista el bien establecido principio de que
la suspensión de un juicio en un caso civil es una cuestión que
debe dejarse enteramente a la discreción del juez que conoce
del caso, debido a la naturaleza peculiar de dicha cuestión;
de otro modo sería casi imposible administrar justicia en las
cortes inferiores debido a las dilaciones en los procedimien-
tos que podrían ser interpuestos por la habilidad de abogados
expertos.   Por las razones expresadas no puede considerarse
como un error la negativa de suspensión.

II.  Eliminación de ciertas partes de la contestación.   El
apelante sostiene que es errónea la resolución adoptada por la
corte inferior eliminando las defensas tercera y quinta for-
muladas en su contestación con perjuicio del demandado que
quedó indefenso por virtud de dicha resolución.   El apelante
alega que ambas defensas son esenciales, especialmente la
quinta, porque la alegación en que la misma se funda, o sea,
que la finca urbana objeto del desahucio está embargada jun-
tamente con los alquileres del contrato bajo el control de la
Corte de Distrito de San Juan, afecta de un modo tal y tan
directamente a la acción de desahucio ejercitada contra el
demandado, que la enerva y destruye una vez probada.   Esto,
por supuesto, presenta la cuestión relativa a la esencialidad
de las defensas que han sido eliminadas de la contestación del
demandado.   Debemos, por consiguiente, considerar la natu-
raleza especial de la acción de desahucio y la esfera limitada
que la misma tiene con arreglo al estatuto en el cual se fun-
da.   La única controversia que surge en tal acción se refiere
al derecho del demandante a que se le ponga en posesión de la
finca, y a la posesión real de la misma por parte del deman-
dado; siendo la terminación de tal posesión el objeto y único
fin de todo el procedimiento; o sea, que la acción de desahu-
cio se establece solamente para que se resuelvan los derechos

a la posesión de la finca objeto de la acción, y para que se transfiera tal posesión del demandado al demandante.

En el presente caso la acción de desahucio, según se expresa en la demanda, se funda en el hecho de que no habiéndose fijado plazo en el contrato de arriendo, y pagándose de conformidad con dicho contrato los alquileres mensualmente, debe considerarse que dicho contrato está hecho por meses. (Véase el artículo 1484 del Código Civil de Puerto Rico.) Por tanto, habiendo la demandante, en el ejercicio de su derecho, notificado al demandado que dicho contrato de arrendamiento tenía que terminar, si tal notificación se ha hecho en debida forma, el demandado no podría por más tiempo tener derecho a seguir en posesión de la finca después de presentada la demanda, pudiendo ser privado de la misma sumariamente.

Por tanto, vemos que la defensas que fueron eliminadas de la contestación por la corte inferior no eran esenciales a las verdaderas cuestiones que fueron presentadas para ser resueltas. En dichas defensas se alegaban cuestiones completamente extrañas a las que debidamente surgen en una acción de desahucio, y tal controversia pudo resolverse usando otros medios, o en otro pleito que se estableciera en debida forma en una corte de competente jurisdicción.

III. El tercer error alegado es el haberse tomado en consideración pruebas improcedentes. Alega el apelante, que en la celebración del juicio la corte inferior cometió error al admitir prueba con respecto al aviso que el demandante dió al demandado con el fin de terminar el contrato de arrendamiento que entre ellos existía y de privar al arrendatario de la finca en cuestión. Se alega que la corte al proceder así, infringió algunas de las prescripciones más esenciales de la Ley de Evidencia, admitiendo, no obstante la oposición del demandado, una prueba ilegal, ineficaz y arbitraria con respecto al aviso. Se alega que todo esto estaba en abierta violación del artículo 1, y párrafos 3, 4, 5 del artículo 3, y especialmente el párrafo 2 del artículo 24, y todo el contenido del artículo 34 de la Ley de Evidencia; además el artículo 314 del Código

de Enjuiciamiento Civil, cuyas prescripciones se alega que han sido complétamente desatendidas.

De un examen de estos artículos, de los estatutos y de los autos de este caso, se verá que este señalamiento de' error se funda en la admisión de la prueba que se supone se hizo erróneamente, con la que se trataba de probar el aviso dado por la demandante al demandado por virtud del cual había de terminar el contrato de arrendamiento. Aparece que este aviso se hizo por correo, no habiendo negado el demandado que lo había recibido. Se hizo en forma de carta por el representante de la demandante, habiéndose presentado durante el juicio una copia de carbón hecha en maquinilla. Alega el apelante que debió presentarse el original, o que estando éste en posesión del demandado debió haberse concedido una oportunidad, previo un aviso razonable, para que lo mostrara, y que de acuerdo con el artículo 314 del Código de Enjuiciamiento Civil, debió habérsele permitido examinar el mismo así como sacar una copia de él. No hay nada por donde se vea que el demandado solicitara examinar el aviso hecho por escrito y que se le negara tal pretensión, siendo la única cuestión que surge del señalamiento de este error la que se refiere al efecto de la presentación de una copia de carbón hecha en maquinilla, encontrándose el original de la misma en poder de la parte contraria. Se ve de los autos que la copia hecha en maquinilla de dicho documento fué presentada por el demandante como prueba, el día 17 de julio, siendo entonces y allí marcada con el número debido, sin que se hiciera ninguna objeción a la misma por parte del demandado. Además, parece que en el juicio se examinaron varios testigos con respecto a dicha copia de la carta y a su contenido, así como del hecho de haber sido enviada por' correo, sin que hiciere ninguna objeción a ello el demandado. El artículo 84 de la Ley de Evidencia vigente en esta Isla prescribe, que cuando se saca la impresión de una carta en un copiador de cartas, antes de cursar por correo el original, dicha copia de prensa deberá considerarse como original, al igual que la carta así copiada,

pudiendo leerse en evidencia al probarse que ésta fué debida-.
mente cursada por correo. Aunque este artículo no es apli-
cable según sus términos a los duplicados que se hacen en
maquinilla de escribir, el espíritu y efecto del estatuto es igual
en ambos casos. A mayor abundamiento, en un tratado de
Ley sobre Evidencia que goza de gran reputación, dice un
notable autor, que el propósito de las resoluciones americanas
sobre este punto es el de que cuando se hacen documentos en
duplicado, o más copias, cualquiera de éstas puede presen-
tarse como prueba indistintamente por no haberse presentado
la otra. (Wigmore sobre Evidencia, art. 1284, tomo 2, pág.
1477 y siguientes.)

De un examen de los autos y de las autoridades citadas es-
tamos plenamente convencidos de que la acción asumida por
la corte inferior al admitir la copia de carbón del aviso hecho
en maquinilla a que se ha hecho referencia, fué enteramente
correcta y adecuada.

IV. El cuarto error alegado se refiere á haberse negado al
demandado el derecho a seguir en el disfrute de la finca. El
apelante alega que la corte inferior infringió el artículo 1469
del Código Civil, que dice lo siguiente:

"Art. 1469.—Si al terminar el contrato permanece el arrendatario
disfrutando quince días de la cosa arrendada con aquiescencia del
arrendador, se entiende que hay tácita reconducción por el tiempo que
establecen los artículos 1480 y 1484, a menos que haya precedido
requerimiento."

Se ha alegado que la demandante dejó pasar los primeros
quince días del mes de junio sin hacer el debido requerimiento
al demandado para que desalojara la finca, debiendo por con-
siguiente, darse un nuevo aviso de conformidad con el estatu-
to. La demandante dió aviso el día 24 de mayo al demandado
de que el 31 de ese mes daba por terminado el arrendamiento,
y el día siete de julio presentó la demanda de desahucio. El
expresado aviso impidió la tácita reconducción por el mes de
junio, y cuando en julio se presentó la demanda, aun no ha-

bían transcurrido los quince días a que se refiere el artículo
1469 del Código Civil citado, para que se entendiera prorro-
gado el contrato; por lo que no existe la infracción que se
alega de ese precepto legal.

V. El quinto error que ha sido alegado en el alegato del
apelante es el haberse hecho caso omiso del cumplimiento del
demandado con el contrato y el no cumplimiento con el mismo
por parte del demandante. El apelante considera esto como
una infracción del artículo 127 del Código de Enjuiciamiento
Civil en relación con los principios fundamentales que regu-
lan los contratos, según se determinan en el Código Civil. Se-
gún la opinión que tenemos de esta cuestión no es necesario
considerar la verdadera interpretación y efecto del artículo
que acaba de citarse del Código de Enjuiciamiento Civil.
Tal alegación era frívola e impertinente en un juicio de desa-
hucio, porque teniendo éste por único fin, según hemos dicho
antes, que el arrendatario cese en la posesión de la finca
cuando ha llegado algunos de los casos establecidos en la ley,
no cabe en ella discutir si el arrendador dejó de cumplir al-
guno de sus deberes como tal, por lo que no existe el quinto
error alegado.

Considerando todas estas cuestiones y examinando cuida-
dosamente las autoridades que han sido citadas, y otros que
hemos encontrado al considerar el caso, somos de opinión que
la sentencia dictada por la Corte de Distrito de San Juan,
Sección 2ª., es enteramente correcta en todos sus particulares,
debiendo, por tanto, confirmarse, con las costas a favor de la
apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.