MARTÍNEZ, DEMANDANTE Y APELANTE, *v.* MÉNDEZ, DEMANDADO Y APELADO

No. 3198.—*Visto:* Marzo 14, 1924. *Resuelto:* Abril 7, 1924.

ALEGATO DEL APELADO RADICADO TARDÍAMENTE PERO ANTES DE LA VISTA—SUSPENSIÓN DE VISTAS ANTE EL TRIBUNAL SUPREMO.—La radicación tardía pero antes de la vista, del alegato del apelado, no motiva la eliminación del mismo, cuando el apelante no demuestra perjuicio. En tales casos, si el apelante lo pide, generalmente se concede la suspensión de la vista.

SEÑALAMIENTO PARA JUICIO—ENMIENDAS A LA DEMANDA.—No constituye error el señalamiento de un caso para juicio después que se había desestimado una excepción previa a la contestación, bajo el fundamento de que la corte no concedió tiempo al demandante para enmendar la demanda, si no se demuestra que las enmiendas eran tan importantes que no pudieran hacerse durante el juicio.

TRASLADO DEL PLEITO POR PARCIALIDAD DE LA CORTE.—El apelante solicitó el cambio del lugar del juicio por el fundamento de parcialidad en la corte. Esta parcialidad contra el demandante consistió en la atmósfera que se creó por virtud de varios pleitos anteriores, algunos de los cuales estaban relacionados con este litigio que el apelante había perdido. *Se resolvió:* que en ausencia de prueba de la alegada parcialidad de la corte, la revocación es improce-

dente porque la presunción es que una corte de justicia considerará cada caso nuevo por sus propios méritos y no traerá a él las impresiones producidas en otros litigios.

JUICIO; SUSPENSIÓN DEL—DISCRECIÓN JUDICIAL.—Para que la negativa de la corte a suspender el juicio sea motivo de revocación, es necesario que se demuestre que al negarla, la corte abusó de su discreción.

NULIDAD DE VENTA JUDICIAL—PRUEBA DEL CASO.—Un demandante no está exento de probar su caso meramente porque notifique a la otra parte de la alegada falta de jurisdicción de ciertos particulares y el demandado no contesta a este escrito. El demandante alegaba la nulidad de una venta judicial y estaba obligado a probar su caso y no podía interpretar la falta de responder como una admisión.

SENTENCIA de *T. Bryan,* J. (Aguadilla), desestimando la demanda con costas. *Confirmada.*

*V. P. Martínez* y *L. Muñoz Morales,* abogados del apelante; *B. Esteves* y *Reichard & Reichard,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante se opone a la tardanza del alegato del apelado. Generalmente la corte se ve obligada a perdonar tal tardanza si el alegato llega antes de la vista y no se demuestra perjuicio para el apelante. La pena que frecuentemente se impone en tal caso es un aplazamiento, si el apelante así lo desea.

La objeción técnica del apelante nos remite a su mismo alegato. Este no contiene un señalamiento de errores como lo exigen nuestras reglas, y por tanto consideraremos algunas de las cuestiones principales y pasaremos por alto las inmateriales.

El apelante se queja de haberse señalado el caso. Cree, según parece, que la corte inferior no tenía derecho a actuar sin acreditar su jurisdicción sobre la persona del demandado. Este último, sin embargo, compareció, y esta idea carece de fuerza. Al desestimarse la excepción previa a la contestación, el caso está listo para señalamiento y no vemos por qué no es efectiva inmediatamente tal actuación de la corte. Ni debe demorarse el señalamiento porque el demandante deseaba enmendar su demanda, si como aquí sucede el demandado está conforme con las enmiendas.

Se queja el apelante de que la corte no le dió tiempo para hacer las propuestas enmiendas a la demanda, pero no demuestra que las enmiendas fueran tan importantes que no pudieran hacerse en el juicio. El documento o alegación enmendada podría presentarse hasta despuéṣ del juicio *nunc pro tunc* si las partes y la corte conocían las cuestiones en controversia.

El apelante solicitó el cambio del lugar del juicio por el fundamento de parcialidad en la corte. Esta parcialidad contra el demandante consistió en la atmósfera que se creó por virtud de varios pleitos anteriores, algunos de los cuales estaban relacionados con este litigio que el apelante había perdido. Debe presumirse, sin embargo, que una corte de justicia considerará cada caso nuevo por sus propios méritos y no traerá a él las impresiones producidas en otros litigios. El apelante no nos convence de que el juez de distrito fue en realidad parcial.

La suspensión del juicio cae siempre dentro de la sana discreción de la corte sentenciadora y el apelante no nos convence de que se haya abusado de dicha discreción.

Encontramos que la contestación a la demanda fue suficiente y que contestaba a cada párrafo de la demanda, aunque algunos de los párrafos de la contestación no hacían ninguna referencia específica al correspondiente párrafo de la demanda.

El mero hecho de que se desestime una excepción previa a la demanda no mejora en nada la situación de un demandante en el juicio.

Un demandante no está exento de probar su caso meramente porque notifique a la otra parte de la alegada falta de jurisdicción de ciertos particulares y el demandado no contesta a este escrito. El demandante alegaba la nulidad de una venta judicial y estaba, obligado a probar su caso y no podía interpretar la falta de responder como una admisión. La corte inferior declaró probado que los hechos

demostraron que el demandado había adquirido un título en contra del demandante por virtud de una venta judicial y no vemos que se haya cometido ningún error en esta conclusión.

*La sentencia apelada debe ser confirmada.*