José López Fernández, promovente y apelado, *v.* Venancio Flores Irizarry, opositor y apelante.

Núm. 7269.—*Sometido:* Mayo 25, 1936. *Resuelto:* Noviembre 12, 1936.

*Rafael Saliva* y *M. Benítez Flores,* abogados del apelante; *J. Alemañy Sosa,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Es éste un caso de información de dominio que fué declarado con lugar por la Corte de Distrito de Mayagüez. El opositor, no conforme con esta decisión, interpuso el presente recurso de apelación. Se solicita su desestimación, entre otras razones, por motivos de frivolidad. El opositor no compareció a la vista del juicio en la corte inferior, ni aportó evidencia alguna para sostener su oposición. La vista de esta causa fué señalada para el día primero de mayo

de 1935. El abogado del opositor solicitó su suspensión basándose en el hecho de no haber tenido tiempo para hacer un estudio de la causa, de la cual se había hecho cargo recientemente. La corte transfirió la vista para el día 6 del mismo mes. El día 2 el opositor, Venancio Flores Irizarry, presentó una moción a la corte que dice así:

"'Señalada la vista en este caso para el día 2 de mayo de 1935 a las 9:00 A. M. concedió su representación el Lcdo. Enrique Báez García quien procedió a preparar la prueba y dirigió varias cartas a determinadas personas para comparecer a la vista el día 2 de mayo de 1935.

"Que en la tarde de ayer 1 de mayo fué informado por su abogado Lcdo. Enrique Báez García de lo siguiente:

"Que encontrándose el Lcdo. Enrique Báez García en la Corte de Distrito fué llamado el caso para la vista, que él manifestó que tenía información que el caso estaba señalado para el día 2 y para ese día estaba preparado.

"Que la Hon. Corte resolvió señalar el caso para el próximo lunes 6 de mayo de 1935 a las 9:00 A. M. debiendo el opositor hacer efectivo el pago de $25 de costas para poder efectuarse la vista del caso.

"Que el Lcdo. Enrique Báez García me ha comunicado que después de este incidente él no continuará con la representación del caso.

"Que este opositor de buena fe ha procedido y está procediendo en su oposición y bajo esa misma buena fe comunicó a su abogado la fecha del señalamiento.

"Por todas estas razones, el opositor solicita de esta Hon. Corte se sirva eximirle de los $25 fijados por la Corte y posponer la vista de este caso para el día 6 del cte. mayo que está fijada, para otra fecha posterior después del 20 del cursante mes a fin de que el opositor tenga tiempo suficiente para contratar los servicios de un abogado de San Juan y que éste tenga tiempo de estudiar el caso y prepararse para el juicio."

Resolviendo esta moción, que no aparece jurada, la corte se negó a acceder a la nueva solicitud de suspensión por no surgir de la demanda de oposición alegación alguna de la cual se infiera que el opositor tuviese mejor derecho a la propiedad objeto de la información de dominio o que exis-

tiese alguna razón meritoria para oponerse a dicha información.

Como hemos visto, el demandado no compareció el día de la vista para sostener su oposición. Alega el apelante que tenía información de que el caso había sido señalado para el día 2 de mayo y que estaba preparado para ese día. La causa fué señalada en el calendario ordinario de la corte inferior, y el apelante fué debidamente notificado de que la vista debía celebrarse el día 1º. de mayo. La corte inferior, no obstante, transfirió la vista de la causa para una fecha posterior, dándole cinco días al apelante para prepararse. El abogado Enrique Báez García no hizo saber a la corte que hubiese renunciado la representación del apelante. La única prueba que obra en autos consiste en la moción presentada por el opositor, donde afirma que recibió esa información, sin respaldarla con su juramento. La última moción de suspensión fué denegada el día 6 de mayo. El apelante sabía que esta moción podía ser denegada y desde el día 2 de mayo en que, según alega, su abogado se negó a seguir representándolo, hasta el día 6 del mismo mes, transcurrieron cuatro días, tiempo bastante para contratar los servicios de otro abogado sin aguardar a que la corte resolviera su moción. No se explican las razones que tuvo el opositor para anunciar que buscaría un abogado en San Juan, prescindiendo de los abogados residentes en Mayagüez. La actitud del demandado tiende a demostrar que la parte apelada tiene razón cuando afirma que estas mociones se presentaron con el solo objeto de entorpecer y demorar la resolución de la información de dominio.

La corte, en el ejercicio de sus facultades discrecionales, denegó la suspensión solicitada, y, siendo ésta una cuestión que descansa en la sana discreción del tribunal, esta corte no se siente autorizada para intervenir, porque no se nos ha convencido de que en el presente caso se haya abusado de esa discreción. *Puig* v. *Soto*, 18 D.P.R. 132, *Martínez* v. *Méndez*, 33 D.P.R. 13.

■ Aparte de las razones expuestas por el tribunal *a quo,* para denegar la suspensión, entendemos que el recurso interpuesto es completamente frívolo porque la prueba aportada por el promovente es bastante para justificar la información de dominio decretada a su favor, y el apelante no compareció a juicio ni aportó prueba alguna para sostener su oposición.

*Debe desestimarse la apelación.*

El Juez Presidente Señor del Toro no intervino.