SUCESIÓN DE TECLO PAGÁN LOZADA, ETC., demandantes y recurrentes, *v.* ANTONIO BERRÍOS BERDECIA ET AL., demandados y recurridos.

*Número:* 195    *Resuelto:* 9 de marzo de 1962

*Víctor A. Coll Pujol, Dennis Martínez Irizarry* y *Alberto Pagán Pagán,* abogados de los demandantes, el último de ellos compareció además por derecho propio; *C. Domínguez Rubio, Leopoldo López Flores* y *Arístides Blanco Colón,* abogados de los demandados.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo y Dávila.

### SENTENCIA

En 17 de septiembre de 1956 los miembros de la Sucesión de don Teclo Pagán Lozada instaron demanda sobre nulidad de actuaciones, reivindicación, cobro de dinero y daños y perjuicios contra Antonio Berríos, Leopoldo Rojas Flores, Martín Rosado Ortiz y las esposas de estos últimos. Después de numerosos incidentes que no es necesario relatar, en resolución dictada en 15 de abril de 1959 denegando una solicitud de sentencia sumaria presentada por la parte demandante,

se señaló la vista del caso para los días 26 y 27 de mayo de 1959. En 1 de mayo, los demandantes solicitaron la suspensión de este señalamiento, confirmando así lo expuesto en una comunicación personal dirigida por el Lic. Víctor A. Coll al magistrado que presidía la Sala y en la cual adujo que estaría fuera de Puerto Rico, realizando gestiones de la Guardia Nacional en Estados Unidos. Se accedió en 5 de mayo a esta solicitud de suspensión y se transfirió la vista para los días 16 y 17 de junio, disponiendo además que la parte demandante "deberán dentro de no más de quince (15) días a partir del en que fueren notificados de la presente, dar cumplimiento a todos los requerimientos pendientes de acción que les han hecho los demandados."[1] En 8 de junio, nuevamente la parte demandante solicitó la suspensión alegándose que el licenciado "Cayetano Coll y Cuchí (quien dirige este pleito) está recluído en el Hospital Auxilio Mutuo de Hato Rey, Puerto Rico, motivado [sic] a que se fracturó una cadera debido a una caída, y el Lic. Dennis Martínez atareado en los exámenes finales y graduación de los estudiantes de derecho de la Universidad", y el Lic. Víctor A. Coll, quien suscribía la moción había regresado en esos días de Estados Unidos y encontró "el correspondiente volumen de trabajo de su oficina debido a su ausencia". Los demandados se opusieron. El tribunal denegó la suspensión. En 15 de junio se solicitó la reconsideración de esta última resolución. El día 16—señalado para comenzar la vista del caso—se discutió la moción de reconsideración. Ante la oposición tenaz de los demandados, quienes manifestaron estar preparados para entrar a la vista del caso, el juez denegó la solicitud. Ante esta situación, los demandantes

[1] Se refería a (1) una solicitud del demandado Berríos de 22 de octubre de 1957 sobre contestación más explícita de interrogatorios (T.A. 81–82); (2) una solicitud sobre exhibición de documentos—libro de cuentas de aparcería—formulada por el demandado Rosado (véase T.A. 128). En cuanto al Núm. (2) no se cumplió con la orden del tribunal hasta el día del señalamiento mismo.

finalmente solicitaron que se pospusiera la vista para el siguiente día, y la corte accedió a ello. (²)   Al siguiente día, el Lic. Víctor A. Coll anunció que no estaba preparado para la vista.   Estaban presentes en el salón de sesiones siete testigos que se disponía utilizar la parte demandante, incluyendo cinco demandantes, y por eso el juez indicó: "Lo único que le pide el Tribunal al compañero Coll es que comience el caso." (T.E. pág. 63.)   Los demandantes rehusaron hacerlo.   Los demandados solicitaron la desestimación de la demanda, y así se ordenó, dictándose sentencia declarándola sin lugar.

Los demandantes recurrieron ante este Tribunal.   Sin conocer todas las constancias de los autos ni la transcripción de evidencia de las vistas de los días 16 y 17 de junio, que fueron elevadas en 21 de septiembre de 1959, expedimos en 18 de agosto un auto para revisar la sentencia dictada.   ■

---

(²) Este incidente se desarrolló en la forma siguiente (T.E. págs. 51–52):
"HON. JUEZ:

Ya yo se lo he dicho al compañero esta mañana: no vamos a suspender el pleito ese.  El Tribunal le pregunta a los compañeros Martínez y Coll, ¿están dispuestos a entrar en el caso mañana a las nueve de la mañana?  Yo lo voy a suspender hasta mañana.
LIC. MARTÍNEZ:

S. S., estaríamos, después de prometerle al Tribunal que vamos a hacer un esfuerzo.
HON. JUEZ:

No me digan que van a hacer un esfuerzo, para mañana decirme: hicimos un esfuerzo extraordinario y no estamos preparados.  Ustedes pidieron a última hora hasta mañana y si ustedes me prometen que mañana se ve el caso, lo suspendemos hasta mañana.
LIC. COLL:

Está bien.
LIC. MARTÍNEZ:

Bueno, comenzamos el caso mañana.
HON. JUEZ:

Está bien.
LIC. COLL:

Estamos dispuestos a comenzar el caso mañana.
HON. JUEZ:

Entonces lo comenzamos mañana a las nueve en punto.  All right, receso hasta mañana."

La única cuestión envuelta en el presente caso es determinar si el tribunal de instancia abusó de su discreción al negarse a suspender la vista señalada por no estar preparada la parte actora para presentar su prueba.(³)   Un examen detenido de los autos y una lectura cuidadosa de la transcripción de evidencia nos lleva a sostener la actuación impugnada: (1) no es concebible que tres años después de iniciarse este pleito la parte demandante no estuviera en condiciones de comenzar la vista, según le instó el juez inferior, especialmente considerando que gran parte de la prueba de las alegaciones dependía de evidencia documental, y que, además, se encontraban presentes siete testigos, hábiles para prestar testimonio, entre los cuales se encontraban cinco demandantes; (2) los autos revelan que en más de una ocasión se utilizó el nombre del Lic. Cayetano Coll Cuchi para lograr suspensiones o posposiciones, cuando el propio compañero desaparecido indicaba que "el abogado que conoce de este procedimiento es el Lic. Víctor A. Coll"; (3) la última suspensión se logró a base de la afirmación de dos de los abogados de los demandantes de que al siguiente día se procedería a entrar al juicio; (4) si bien es cierto que los pleitos deben resolverse en sus méritos, no es menos cierto que una parte demandada tiene derecho a que se le libere de los perjuicios que causa—tanto materiales como espirituales—un prolongado litigio, y aun más, en asuntos que envuelven su reputación y honradez; (5) los incidentes sobre descubrimiento de prueba—interrogatorios y exhibición de documentos—y la petición de sentencia sumaria presentada por las

---

(³) El artículo 202 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 948, prescribía las condiciones para la presentación de una moción para transferir un juicio por falta de prueba.   Este artículo fue expresamente derogado por la Regla 72 de las de Procedimiento Civil de 1958. No obstante, la jurisprudencia sobre el particular bajo la disposición derogada puede orientarnos en la decisión de este asunto, omitiéndose aquellos requisitos formales—como la necesidad de declaración escrita y jurada—que se exigían por dicho artículo, y que son contrarios al espíritu de simplificación procesal que anima las Reglas.

partes demandantes presuponen preparación previa y conocimiento de las cuestiones de hecho y de derecho (⁴) envueltas en el caso. ▮

La suspensión del juicio es cuestión que descansa en la sana discreción del tribunal inferior, *Pepín* v. *Ready-Mix Concrete*, 70 D.P.R. 758 (1950). Las circunstancias de este caso no nos mueven a alterar el uso que de tal discreción se ejercitó por el tribunal de instancia.

*Se anula el auto expedido y se confirma la sentencia dictada por el Tribunal Superior, Sala de Guayama, en 17 de junio de 1959.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández,
*Juez Presidente.*

Certifico:

(Fdo.) Ignacio Rivera,
*Secretario.*

---

(⁴) La piedra angular de las causas de acción de los demandantes descansa en la adquisición por los albaceas de bienes de la herencia que les fueron trasmitidos, a través de un supuesto testaferro, por la viuda y dos de los herederos. Véase, *Piazza* v. *Piazza*, 83 D.P.R. 414 (1961); *Zayas* v. *Orraca*, 80 D.P.R. 339, 346 (1958).