Antonio Díaz Colón, demandante y recurrido, *v.* Marshak Auto Distributors, Inc., demandado y recurrente.

*Número:* R-67-62 *Resuelto:* 2 de febrero de 1968

692

*Jorge Luis Suárez,* abogado de la recurrente; *Francisco Radinson Pérez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Estuvo justificado el tribunal de instancia al ordenar la eliminación de las alegaciones de la recurrente, la anotación de su rebeldía y la vista del caso en rebeldía de acuerdo con la Regla 34.4 de las de Procedimiento Civil, pues dicha recurrente intencionalmente dejó de contestar los interrogatorios

notificádosle por el recurrido a tenor con la Regla 30 de las de Procedimiento Civil.

No se probaron los daños sufridos por el recurrido debido a haber sido impedido del uso de su vehículo. Los daños por angustias mentales son excesivos y además el recurrido fue igualmente imprudente al no confrontar la licencia del vehículo que recibió del recurrente con las tablillas del automóvil. Por lo tanto, debe modificarse la sentencia reduciendo la cuantía de los daños a $200 y la de honorarios de abogado a $50.

Examinaremos a continuación las circunstancias del caso en justificación de las anteriores conclusiones.

El 31 de marzo de 1964 el recurrido y la recurrente otorgaron un contrato de venta condicional mediante el cual aquél adquiría de ésta un automóvil por la cantidad de $1,350. De esa cantidad el recurrido pagaría $600 como pronto y el balance en 18 plazos mensuales de $54 cada uno.

Para que pudiera transitar por las calles y carreteras de Puerto Rico, la recurrente le entregó al recurrido una licencia provisional que renovaba periódicamente hasta que el Departamento de Obras Públicas expidiera la licencia permanente.

Consta de los autos que el día 1 de junio de 1964, el recurrido le escribió a la recurrente requiriéndole para que le entregara la licencia correspondiente; luego en 30 de septiembre de 1964 y más tarde en 3 de enero de 1965, sin que conste de los autos contestación alguna de parte de la recurrente a estos requerimientos.

No fue hasta el 15 de julio de 1965, o sea, un año y cuatro y medio meses después de la venta original, que la recurrente le entregó al recurrido la licencia correspondiente. Sin embargo, el número de licencia no correspondía con el número de las tablillas.

El 15 de septiembre del mismo año, el recurrido fue denunciado por guiar su automóvil con las luces traseras

defectuosas y al policía requerirle la licencia del vehículo notó que los números de la licencia y los de la tablilla no coincidían. Procedió a denunciarlo por guiar un vehículo de motor con tablillas alteradas.

El 14 de febrero de 1966, el recurrido radicó demanda que intituló "Acción Civil" ante el Tribunal Superior, Sala de San Juan, contra la recurrente en la cual exponía estos hechos y solicitaba la cantidad de $7000.00 por los daños sufridos. Como pasaban los días y la recurrente no contestaba la demanda, el recurrido radicó el 2 de marzo de 1966 Moción de Anotación de Rebeldía. Dicha moción se declaró sin lugar porque "hay contestación radicada." Del expediente surge que la contestación a la demanda se radicó el 4 de marzo, o sea, pasado el término provisto por las Reglas de Procedimiento Civil y sin que conste que la recurrente solicitara prórroga para contestar.

El día 21 de abril siguiente el Tribunal Superior señaló la vista del caso en sus méritos para el 9 de septiembre a las 9:00 A.M. y notificó de ello a la representación legal de ambas partes.

El 29 de abril el recurrido notificó unos interrogatorios a la recurrente para que los contestara de acuerdo con la referida Regla 30. En 17 de mayo de 1966 radicó moción en el tribunal de instancia para que de acuerdo con la indicada Regla 34.4 el tribunal procediera a eliminar las alegaciones de la parte demandada, ahora recurrente, por no haber ésta contestado a los interrogatorios dentro del término fijado por las Reglas, o que se le ordenara contestar dentro de cinco días. No fue hasta el día 10 de junio de 1966 que el tribunal pasó sobre esta moción y le concedió 10 días más a la recurrente para que contestara los interrogatorios apercibiéndola de que "de no hacerlo se tomarían las medidas de las Reglas." Copia de esta resolución fue notificada a los abogados de las partes en 23 de junio de 1966.

El día 8 de junio de 1966 la recurrente pidió prórroga de 15 días para contestar los interrogatorios porque el Presidente de la Corporación se encontraba fuera de Puerto Rico. Esta moción fue declarada sin lugar el 30 de junio.

En 7 de julio de 1966, pasados ya más de los 10 días adicionales que le había concedido el tribunal, presentó el abogado de la recurrente una Moción de Renuncia de Representación. El tribunal ordenó que se notificara de esta renuncia a su cliente antes de proveer sobre ella. Tampoco en esa oportunidad se notificó la contestación a los interrogatorios.

En vista de esto, el 23 de julio, el recurrido solicitó del tribunal que debido a que la recurrente no había contestado los interrogatorios no empece el tribunal habérselo ordenado, se le diera a la recurrente 10 días para conseguir representación legal y contestar los interrogatorios o que de lo contrario se tomaran las medidas de las Reglas. El día 8 de agosto el tribunal dictó la siguiente resolución: "No habiendo la parte demandada contestado interrogatorios dentro del término que se le concediera, se ordena la eliminación de sus alegaciones, la anotación de su rebeldía y se ordena, además, sea señalado para vista en Rebeldía." El 10 de agosto los abogados de las partes fueron notificados de esta resolución. Para esta fecha, todavía el tribunal no había provisto sobre la renuncia de la representación legal de la recurrente.

El día 15 de agosto las partes a través de sus abogados de autos fueron notificados de que el caso en rebeldía se vería el 2 de septiembre a las 9:00 A.M.

El 17 de agosto el abogado de la recurrente alegó mediante moción al efecto de que había notificado a su cliente de su renuncia y que además "le requirió por escrito una serie de veces que compareciera por su oficina a contestar los interrogatorios o de lo contrario se vería en la obligación de renunciar la representación del caso y no habiendo com-

parecido el demandado a contestar los interrogatorios le instruí que recogiese el expediente del caso puesto que no podía seguirlo representando y al día de hoy tienen en su poder dicho expediente." Pedía que se eliminara de los autos su nombre como abogado de la recurrente. El 23 de agosto el tribunal resolvió esta moción "Como se pide".

El 2 de septiembre de 1966 a las 9:00 A.M. se celebró la vista en rebeldía. Ese mismo día, a las 11:00 A.M. radicó la recurrente una moción para que se dejara sin efecto la anotación de rebeldía y se le concediera tiempo para prepararse para la vista del caso en su fondo. Junto con esa moción notificó la contestación a los interrogatorios o sea, a los 124 días de habérseles notificado.

El tribunal de instancia dictó sentencia en este caso el 24 de noviembre de 1966. Concluyó que se había otorgado un contrato de venta condicional entre las partes con respecto a un automóvil Chevrolet, por la cantidad de $1,350 más $222 de intereses; que la recurrente no cumplió con su obligación de entregar al recurrido la licencia del vehículo; que el recurrido fue denunciado por guiarlo con tablillas alteradas (Ley de Vehículos y Tránsito, Sec. 2-801 inciso (7) (9 L.P.R.A. sec. 591(7)) y tuvo que prestar fianza, por lo cual sufrió angustias mentales, y, con motivo de incautársele las tablillas del vehículo, se vio imposibilitado de usarlo por lo que el mismo constituyó una pérdida total. Concluyó el tribunal de instancia que eran de aplicación al caso "la sección 34 del título 10 del Código de Comercio que se refiere a la inscripción de ventas condicionales y el art. 1802 del Código Civil." Condenó a la recurrente a pagar al recurrido "la suma de $1,607.00 por concepto de daños económicos sufridos o daños especiales y la cantidad de $3,000.00 por concepto de daños generales que comprenden las angustias mentales que sufrió el demandante al ser arrestado y acusado todo ello por culpa y negligencia de la parte deman-

dada, además de la cantidad de $300.00 para costas, gastos y honorarios de abogado."

Apunta la recurrente que el tribunal de instancia incidió (1) al eliminar las alegaciones de la recurrente; (2) al negarse a suspender la vista de 2 de septiembre de 1966; (3) al abusar de su discreción al negarse a reconsiderar la sentencia; (4) al conceder daños no autorizados por ley; (5) al apreciar la prueba y dictar sentencia no sostenida por la evidencia ante su consideración; (6) al adelantar los procedimientos sin estar la recurrente representada por su abogado, contra su voluntad y deseo; y (7) al incurrir en grave violación del debido proceso de ley.

Discutiremos conjuntamente los apuntamientos 1, 2, 6 y 7 por estar íntimamente relacionados entre sí.

La Regla 34.4 de las de Procedimiento Civil dispone que:

*"Falta de comparecencia o de presentación de contestaciones por la parte.*

Si una parte, o un funcionario o agente administrador de una parte, dejare intencionalmente de comparecer ante el funcionario que ha de tomar su deposición después de haber sido debidamente notificado; o dejare de presentar y notificar contestaciones a los interrogatorios sometidos de acuerdo con la Regla 30 después de habérsele notificado debidamente los mismos; el tribunal, mediante moción y notificación, podrá eliminar total o parcialmente cualquier alegación de esa parte, o desestimar el pleito o procedimiento o alguna parte del mismo, o dictar sentencia en rebeldía contra dicha parte."

Para que proceda imponer tal sanción debe aparecer que la parte intencionalmente dejó de contestar los interrogatorios. *Reyes* v. *Mayagüez Transport*, 86 D.P.R. 273, 278 (1962). El récord no demuestra que la recurrente estableciera que estaba imposibilitada de contestar y que no dejó de hacerlo intencionalmente o de mala fe o por una causa que pudiera atribuírsele. *Societe Internacionale* v. *Rogers*, 357 U.S. 197, 212 (1958). En *Brookdale Mill* v. *Rawley*, 218 F.2d 728 (6th Cir. 1954), se dijo que el dejar de hacer, como el hacer,

puede ser intencional; que la violación intencional de una disposición de un estatuto o reglamentación es cualquier consciente o intencional incumplimiento del mismo en contraste con su incumplimiento accidental o involuntario y que no es necesario demostrar ninguna intención maliciosa con el fin de establecer tal incumplimiento intencional. En ese caso el tribunal sostuvo la desestimación de la demanda porque el demandante dejó de contestar unos interrogatorios, no obstante dos apercibimientos de la otra parte de que solicitaría que se desestimase su demanda, todo en el curso de tres semanas. En *United States* v. *Continental Casualty Company*, 303 F.2d 91 (4th Cir. 1962), se sostuvo la eliminación de la contestación, y se confirmó la sentencia de acuerdo con lo solicitado en la demanda por no contestarse unos interrogatorios hasta 39 días después sin que se hubiese solicitado prórroga para hacerlo. Dijo el tribunal que aunque tenía cierta duda en sostener la sentencia debido a que se radicaron las contestaciones a los interrogatorios antes de dictarse aquélla, el récord demostraba que el demandado estaba incurriendo en prácticas dilatorias y no estaba tratando diligentemente de arrojar luz con respecto a los hechos en controversia. Véanse, además, *Peña* v. *Sucn. Blondet*, 72 D.P.R. 9, 12, 13 (1951); *Pepín* v. *Ready-Mix Concrete*, 70 D.P.R. 758, 761 (1950); *Milewski* v. *Schneider Transportation Company*, 238 F.2d 397 (6th Cir. 1956); *Patterson* v. *C.I.T. Corporation*, 352 F.2d 333 (10th Cir. 1965); Barron and Holtzoff, *Federal Practice and Procedure* (1961 Ed.) Vol. 2A, sec. 885, *Developments in the Law—Discovery*, 74 Harv. L. Rev. 940, 986 (1961).

 Concluimos de lo expuesto que una vez que un tribunal ordena a una parte que conteste unos interrogatorios notificados de acuerdo con la Regla 30 de las de Procedimiento Civil y más tarde, al no contestarlos, lo apercibe que si no los contesta le aplicará la sanción provista por las Reglas, si la parte aún así no cumple con dicha orden ni

pide prórroga ni objeta los interrogatorios sino que meramente deja pasar el tiempo, el tribunal está justificado en imponer sanción de acuerdo con la Regla 34.4 de las de Procedimiento Civil pues esas circunstancias demuestran que la parte ha dejado intencionalmente de presentar sus contestaciones a los interrogatorios. No creemos que el tribunal tenga que hacer una determinación expresa sobre el incumplimiento intencional de la parte. La imposición de la sanción es indicativa de que el tribunal concluyó que el incumplimiento fue intencional.

En el caso de autos a la recurrente le fueron notificados unos interrogatorios que no contestó dentro del tiempo reglamentario. Prontamente la parte recurrida pidió al tribunal que aplicara las sanciones de las Reglas. *Pepín* v. *Ready-Mix Concrete*, supra. Notificada para la vista de esta moción la recurrente no se molestó en comparecer ni en mostrar causa por la que no se debía imponer las sanciones. No obstante, el tribunal le concedió una nueva oportunidad. Más aún, el abogado de la recurrente tuvo que renunciar a su representación porque ésta reiteradamente se negaba a comparecer a su oficina para contestar los interrogatorios. El 8 de agosto el tribunal le aplicó las sanciones contempladas en la Regla 34.4 de Procedimiento Civil a la recurrente y ordenó que se anotara la rebeldía. Se le notificó de esa resolución el 10 de agosto cuando todavía el Lic. Román era su abogado. La vista del caso en rebeldía fue señalada para el 2 de septiembre a las 9:00 A.M. y no fue hasta ese mismo día pero a las 11:00 A.M. que radicara la recurrente moción pidiendo se dejara sin efecto la anotación de rebeldía, solicitando la suspensión del juicio y notificando las contestaciones a los interrogatorios.

■ Estas actuaciones plenamente demuestran no tan sólo el propósito de la recurrente de no contestar los interrogatorios con la debida diligencia sino, por el contrario, un marcado propósito de dilatar los procedimientos y de entor-

pecer el esclarecimiento de los hechos. Por lo tanto actuó correctamente el tribunal de instancia al sancionar a la recurrente de acuerdo con lo dispuesto en la Regla 34.4.

■ No se nos ha demostrado que el tribunal de instancia abusara de su discreción al negarse a suspender el juicio debido a que la representación actual de la recurrente asumió dicha responsabilidad nueve días antes del día señalado para el juicio porque necesitaba más tiempo para prepararse. *Sucn. Pagán Lozada* v. *Berríos Berdecia,* 84 D.P.R. 624 (1962); *López* v. *Flores,* 50 D.P.R. 600 (1936).

Se queja el recurrente en su sexto apuntamiento que el tribunal adelantó los procedimientos sin estar ella representada por abogado y contra su voluntad y deseo.

No tiene razón. El tribunal proveyó sobre la renuncia de la representación legal inicial de la recurrente el 23 de agosto y consta de los autos que la nueva representación legal notificó al tribunal el día 24 de agosto que se estaba haciendo cargo de representar a la recurrente. De forma que en ningún momento estuvo dicha parte huérfana de asistencia legal.

■ El caso en sus méritos había sido señalado originalmente para verse el 9 de septiembre. Sin embargo, dada la actitud de la recurrente el tribunal se vio obligado a imponerle las sanciones antes dichas. Una vez que se le anotó la rebeldía, el tribunal podía señalar fecha para la vista y no tenía que ser precisamente el día señalado para la vista del caso en su fondo.

■ Todo tribunal tiene poder para disponer que se tramiten con arreglo a la ley los procedimientos seguidos ante ellos o ante sus funcionarios. Art. 7 Código Enjuiciamiento Civil (32 L.P.R.A. sec. 44). La Regla 5 de las de Administración del Tribunal de Primera Instancia dispone en su inciso (a) que "se mantendrá en cada sala un calendario permanente y continuo en el que el Juez Administrador señalará para vista, *sin necesidad de solicitud al efecto,* todos los casos civiles contenciosos que estén listos para juicio.

El Secretario notificará el señalamiento a las partes con no menos de 15 días de antelación a la fecha del juicio."

En ninguna parte de esa regla se dispone que tenga el juez que pedirle parecer a las partes sobre su conformidad para el señalamiento.

El día 15 de agosto de 1966 se notificó a las partes que el 2 de septiembre siguiente se vería el caso en rebeldía. Se cumplió a cabalidad con la referida regla.

El tribunal de instancia no incurrió en una violación del debido proceso de ley al imponer a la recurrente las sanciones provistas por la Regla 34.4 de las de Procedimiento Civil. *Hammond Packing Co.* v. *Arkansas,* 212 U.S. 322, 347 (1909).

■ Tercer Apuntamiento—Que el tribunal de instancia abusó de su discreción al negarse a reconsiderar su sentencia. Este apuntamiento carece de mérito. El señalamiento del caso en rebeldía fue notificado al abogado de récord de la recurrente. Luego el tribunal señaló vista de, y consideró y denegó, dos mociones de reconsideración. La recurrente no indica en qué consistió el alegado abuso de discreción aparte de insistir en que no se le notificó el referido señalamiento.

Cuarto y Quinto Apuntamientos—Se apunta que el tribunal de instancia concedió daños no autorizados por ley, que incidió al apreciar la prueba y que su sentencia no está sostenida por la prueba.

■ No procedía reclamar como pérdida por el uso del carro ninguna parte del valor de éste pues esta propiedad en efecto no sufrió daño alguno por el hecho de que se prohibiese su uso debido a la falta de tablillas. El recurrido puede haber sufrido daños por la falta de uso hasta que obtuviese la licencia correcta a través de las gestiones que con razonable diligencia debió iniciar y proseguir ininterrumpidamente. Pero en el récord no aparece prueba alguna de tales daños.

█ Aun asumiendo que los daños consistieran en la pérdida total del vehículo, el tribunal erróneamente la determinó en su precio original cuando dicha pérdida no podía exceder del valor del vehículo a la fecha de ocurrir los daños menos el valor residual del mismo. El récord no indica que se hubiese presentado prueba sobre estos extremos. *Figueroa Pizarro* v. *Western Assurance Co.*, 87 D.P.R. 152, 160 (1963).

█ Concluyó, además, el tribunal de instancia que el recurrido tuvo pérdidas de $222 por intereses y $10 por una multa. Ninguno de estos elementos de daño proceden. Se trata de daños especiales no alegados originalmente según manda la Regla 7.7 de Procedimiento Civil. Por otro lado, los $10 de multa fueron pagados por guiar con luces traseras defectuosas y no surge del expediente que el automóvil le fuera entregado al demandante en esas condiciones.

█ Creemos que la cuantía de $3,000 por las angustias mentales sufridas por el recurrido con motivo de haber sido denunciado por transitar con tablillas alteradas es excesiva.

En vista de que el recurrido fue originalmente detenido y denunciado por conducir su automóvil con luces defectuosas y que la denuncia por manejar el vehículo con tablillas alteradas surgió al requerírsele la licencia del vehículo con motivo de la anterior falta, y, no apareciendo del récord que fuese condenado por el segundo delito, concluimos que la cuantía razonable y justa de los referidos daños es la suma de $400.

█ Además, concluimos que el recurrido fue igual y concurrentemente imprudente al no cerciorarse de la identidad de la licencia que la recurrente le entregó con los números de sus tablillas por lo que procede reducir la cuantía de los referidos daños a $200.

*En vista de lo expuesto, se modificará la sentencia dictada reduciéndose la cuantía de los daños a la suma de $200*

*y la de honorarios de abogado a $50, y así modificada se confirmará.*