ELÍAS TORRES RODRÍGUEZ, demandante y apelado, *v.* MANUEL GONZÁLEZ, ESTEBAN NEGRÓN y HARTFORD ACCIDENT & INDEMNITY Co., demandados y apelantes.

Núm. 9550.—*Sometido:* Enero 13, 1948. *Resuelto:* Enero 16, 1948.

*James R. Beverley, José López Baralt* y *R. Rodríguez Lebrón,* abogados de los apelantes; *Fernández Méndez & Orraca Torres,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante el Tribunal del Distrito Judicial de San Juan presentó Elías Torres Rodríguez demanda de daños y perjuicios contra Manuel González, Esteban Negrón y Hartford Accident and Indemnity Company, alegando dos causas de acción, una por daños a la propiedad y otra por daños y lesiones personales.([1]) En la primera se reclamaban $12 por transportar el automóvil averiado desde el sitio del accidente hasta el taller de reparaciones; $600 por la reparación total de éste; $725 por pérdida del uso del vehículo averiado; y $500 por depreciación del mismo. En la segunda se solicitaba indemnización por las lesiones físicas, atención médica, medicinas, gastos de pasaje desde Cayey a San Juan para recibir atención médica, dos radiografías y sufrimientos mentales y morales del demandante.

Luego de radicarse la contestación correspondiente y de celebrarse el juicio de rigor, la corte de distrito dictó sentencia condenando a los demandados a pagar los $12 por arrastre del vehículo desde el sitio en que ocurrió el accidente hasta el taller de reparaciones; los $600 por el costo total de las reparaciones; los $500 por depreciación y $720 por la pérdida del uso del vehículo mientras se estuvo reparando, así como $100 por lesiones físicas, $65 por medicinas, placas radiográficas y otros gastos y $50 por sufrimientos físicos y mentales. También concedió al demandante costas y honorarios de abogado.

Solicitada reconsideración, la misma fué declarada sin lugar. Los demandados apelaron entonces para ante este Tri-

---

([1])El primero de los demandados era el dueño de la guagua que ocasionó los daños al demandante; el segundo el chófer que conducía la misma al momento del accidente y el tercero la aseguradora del vehículo causante del daño.

bunal, pero únicamente en cuanto a parte de la sentencia, y en el alegato radicado en apoyo de su recurso alegan tan sólo que "la corte inferior erró al conceder al demandante-apelado las cantidades de $500 por depreciación de su vehículo y la suma de $720 por pérdida de uso desde el día 17 de enero de 1946 hasta el 30 de marzo del mismo año."

■ De ordinario, cuando un automóvil es averiado por la culpa o negligencia de otra persona y tal daño no ocasiona una pérdida total, la indemnización a concederse será la diferencia entre el valor en el mercado del vehículo inmediatamente antes del accidente y el valor en el mercado del mismo inmediatamente después de ocurrido el accidente. Huddy *Encyclopedia of Automobile Law,* Vol. 17-18, sección 250, pág. 520; *Restatement of the Law, Torts,* sección 928, pág. 658; 15 Am. Jur. sección 124, pág. 532. Si luego de efectuadas las reparaciones el valor del vehículo en el mercado resulta ser inferior al valor original del mismo, entonces la indemnización consistirá en el precio de las reparaciones más la disminución en valor con motivo del accidente. Huddy, supra, sección 253, pág. 529; *Yawitz Dyeing & Cleaning Co.* v. *Erlenbach,* 221 S. W. 411; y 32 A.L.R. 712. En adición al valor de las reparaciones, el dueño tiene derecho asimismo a que se le indemnice por la pérdida del uso del vehículo. 15 Am. Jur., sección 129, pág. 537; 25 C.J.S. 600; *Traut* v. *Horace L. Winslow Co.,* 201 Ill. App. 83; *Fisher* v. *City Dairy Co.,* 113 Atl. 95, 137 Md. 601; Huddy, supra, sección 254, pág. 533.

Sin embargo, cuando la pérdida del vehículo es total la indemnización será el valor del mismo en el mercado al momento de ocurrir el accidente, pero en ese caso no hay derecho a recobrar por la pérdida del uso. *Rodríguez* v. *Martínez, Jr.,* 55 D.P.R. 59, 64; *Colón* v. *Shell Co. (P.R.) Ltd.,* 55 D.P.R. 592, 628; 25 C.J.S. sección 83, pág. 602.

Empero, en el presente caso no hay controversia alguna respecto a indemnización por las reparaciones, sino que la controversia gira exclusivamente en torno de si en adición

al valor total de éstas, puede concederse indemnización por el deterioro o disminución en valor del vehículo y por la pérdida en el uso del mismo mientras éste era reparado. Se recordará que la corte inferior concedió no sólo el importe de las reparaciones, sí que también el de la depreciación y el de la pérdida del uso.

Sostienen los demandados que si prevaleciera el criterio del Tribunal de Distrito, entonces el demandante resultaría más beneficiado que si la pérdida de su vehículo hubiera sido total. De acuerdo con la prueba sometida el automóvil averiado, marca Plymouth, costó al demandante la suma de $1612 varios años antes del accidente, pero debido a la inflación resultante de la guerra y de la escasez de vehículos, al demandante se le ofreció repetidamente la cantidad de $2000 por el mismo. Después del accidente y luego de las reparaciones a que ya se ha hecho mención, el demandante, según declaró, tuvo dificultades en venderlo y finalmente logró obtener $1500 por el vehículo. Insisten los demandados en que si en adición a los $1500 recibidos al venderse el vehículo(²) se pagaran al demandante los $500 de depreciación, más los $720 por la pérdida de uso, éste recibiría la suma total de $2,720, que es superior al valor del automóvil al momento del accidente.

En relación con la disminución en valor y pérdida de uso, según con frecuencia ocurre, existe discrepancia de criterio entre las opiniones emitidas por las cortes del continente, pues mientras hay estados como Nueva York, Iowa y Arkansas que resuelven que al ocurrir un accidente por la culpa o negligencia de un demandado y el daño causado al vehículo del demandante es parcial, éste tendrá derecho únicamente a recobrar el valor de las reparaciones más la depreciación o disminución en valor, si la hubiere, o el valor de las repa-

(²)Recuérdese que sobre los $612 pagados por el demandante por arrastre y reparación del automóvil no hay controversia alguna y que por esa razón en el cálculo arriba especificado no se hace mención de esa cantidad.

raciones más la pérdida del uso, pero nunca las tres cosas,(³) existen, sin embargo, otros estados como Alabama, Tejas y Connecticut que se expresan en el sentido de que en casos de esa naturaleza el demandante tiene derecho a recobrar no sólo el valor de las reparaciones, sino también la disminución en valor y la pérdida del uso.(⁴) Nos parece que esta última es la doctrina más sana y más sabia, pues de lo contrario al sufrir un accidente que ocasiona averías a su vehículo el dueño del mismo no recibiría plena compensación por todos los daños sufridos.

En el presente caso es incuestionable que el demandante pagó $12 por arrastre y $600 por las reparaciones hechas a su automóvil. Sobre estas dos partidas, repetimos, no hay controversia de clase alguna. También es incuestionable, de acuerdo con la prueba aducida, que al demandante se le ofreció repetidamente la suma de $2,000 por el vehículo y que luego del accidente el valor del mismo, según declaró el testigo Aníbal Dávila, fluctuaba entre $1,400 y $1,600 y según testificó el propio demandante sólo era $1,500, cantidad ésta que pudo obtener por su automóvil únicamente después de prolongadas diligencias. De haberse vendido, pues, el automóvil antes del choque, por él se hubieran obtenido $2,000. Habiéndose vendido en $1,500 después del accidente, resulta paladino que el vehículo tuvo una disminución en valor ascendente a $500, por la cual debe indemnizarse al dueño.

De la evidencia aportada por el demandante y no controvertida por el demandado se desprende además con la mayor claridad que el demandante, quien era comerciante y residía en Cayey para la época del accidente, utilizaba el ve-

---

(³)*Howe* v. *Johnston*, 221 N.Y.S. 516, 220 App. Div. 170; *Patane* v. *State*, 186 N.Y.S. 225, 114 Misc. Rep. 713; *Laizure* v. *Des Moines Ry. Co.*, 241 N.W. 480, 214, Iowa 918; *Madison-Smith Cadillac Co.* v. *Wallace*, 181 Ark. 715, 27 S.W.2d. 524.

(⁴)*Cocke* v. *Edwards* (Alabama) 108 So. 857; *Chicago R. I. & Ry. Co.* v. *Zumwalt*, (Texas) 239 S.W. 912, y casos en él citados; y *Doolittle* v. *Otis Elevator Co.*, 98 Conn. 248, 118 Atl. 818. Véanse también *Copadis* v. *Haymond* (N.H.), 47 A.2d 120; *Chase Bag Co.* v. *Longoria* (Texas), 45 S.W.2d 242 y las monografías en 169 A.L.R. 1074 y 1100.

hículo averiado en sus negocios personales; que él tenía contratos de piedra y camiones en Aguadilla y vendía jabón y alimento para ganado; que venía de Cayey a San Juan a vender y comprar cemento y varillas de hierro; y que vendía asimismo piedra y arena en Aguadilla, en la base naval, en otras partes y al Gobierno Insular. También reveló la prueba aducida que debido al accidente el demandante tuvo que utilizar para las gestiones peculiares a su negocio un camión de su propiedad; que antes del choque en que su automóvil fué damnificado ese camión era alquilado por él a otras personas y que al así alquilarlo éste le producía un promedio de $60 a $100 semanales, pero nunca menos de $10 diarios.

También la prueba demostró que poco después de ocurrido el accidente el automóvil del demandado fué trasladado al taller donde se le reparó; que las averías fueron serias; que un herrero trabajó en las mismas por especio de un mes, tiempo durante el cual realizó no sólo el trabajo de herrería sino también el de mecánica; que el testigo Aníbal Dávila hizo el trabajo de hojalatería, talabartería y pintura; que las reparaciones tardaron unos tres meses debido a las dificultades que había que afrontar con motivo de la guerra y a lo difícil que se hacía para aquel entonces conseguir cualquier cosa; y que el demandante venía a San Juan casi semanalmente a ver cómo seguían las reparaciones.

La demandada no presentó prueba de clase alguna y la corte inferior al apreciar la aportada por el demandante llegó a la conclusión de que la depreciación sufrida por el vehículo con motivo del accidente debía fijarse en la suma de $500 y la pérdida por el uso en $720, o sea 72 días a $10 por día. Un examen cuidadoso de los autos nos convence de que la corte inferior apreció acertadamente dicha prueba, tanto en lo que concernía a la disminución en valor del vehículo como en cuanto a la pérdida de uso. Siendo ello así, no debemos alterar sus conclusiones.

█ Cuando el accidente ocasiona al demandante una pérdida total, conforme antes hemos indicado, éste tendrá derecho tan sólo a recobrar el valor del vehículo en el mercado al momento de la colisión. No habrá derecho, como es natural, a depreciación alguna. Tampoco lo hay a la pérdida de uso. En lo que a esta última partida concierne, podría alegarse que cuando el daño es total el demandante también ha sufrido pérdida al no poder utilizar su vehículo y que a pesar de ello no se le concede indemnización alguna por la pérdida de uso. A esto se replicaría que las demoras ocasionadas por los litigios en casos de daños y perjuicios son riesgos o desventuras a que todos tarde o temprano estamos sujetos, sin derecho a compensación de clase alguna por los trastornos que tales demoras nos acarreen.

Empero, cuando el daño es parcial debe indemnizarse al demandante completamente por todos los daños sufridos por él. Ha de probarse, desde luego, que la culpa o negligencia no ha sido suya sino del demandado. Bajo esta última doctrina el demandante aparentemente siempre recibe por su vehículo una cantidad mayor de la que hubiese recibido si la pérdida hubiera sido total. Podría decirse que ello es una falacia. El demandante en el caso específico que nos ocupa pagó $612, por arrastre y reparaciones y luego de efectuadas éstas su vehículo tuvo un valor de $1,500. La depreciación quedó probada y quedó probado igualmente que él dejó de percibir la suma de $720, la que hubiera recibido de no haber acaecido el accidente si como era costumbre él hubiera alquilado su camión a terceras personas. En esas condiciones, los $720 no deben computarse como parte del precio del vehículo, sino más bien como indemnización por una pérdida que como cuestión de hecho sufrió el demandante.

En relación con la indemnización a concederse en aquellos casos en que el daño es parcial, la obra *Restatement of the Law, Torts,* sección 928, pág. 658, se expresa del siguiente modo:

"Cuando una persona tiene derecho a que se dicte sentencia a su favor por los daños ocasionádosle a un bien mueble de su propiedad y dichos daños no equivalen a una destrucción total de la cosa, la indemnización comprenderá (a) la diferencia entre el valor de la cosa antes del daño y el valor de la misma después de éste, o, a opción del demandante, el costo razonable de las reparaciones, cuando ello es posible, más una cantidad razonable por la diferencia que exista entre el valor original de la cosa antes y después de las reparaciones, y (b) la pérdida por el uso."

En *Boria* v. *The Maryland Casualty Co.*, 60 D.P.R. 830, 837, este Tribunal tuvo ocasión de discutir un caso que guarda cierta similitud con el presente. Sin embargo, aunque allí se declaró sin lugar la demanda por falta de prueba para sostener las contenciones del demandante, se dió, no obstante, a entender que de haber habido suficiente prueba al efecto se hubiera llegado a las mismas conclusiones a que aquí llegamos.

*Debe confirmarse la sentencia apelada.*