José Cintrón Torres, demandante y apelado, *v.* Metro Taxicabs y The Travelers Insurance Co., demandadas y apelantes.

Núm. 10317.—*Sometido:* Febrero 1, 1951. *Resuelto:* Febrero 21, 1951.

216

*José López Baralt* y *R. Rodríguez Lebrón,* abogados de las apelantes; *A. Figueroa Rivera,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En la acción de daños y perjuicios instada por José Cintrón Torres contra Metro Taxicabs, Inc., y The Travelers Insurance Company el tribunal inferior, luego de una vista en los méritos, dictó sentencia condenando a las demandadas a pagar al demandante la suma de .$1,500 por los daños sufridos por el automóvil de éste y $210 por la pérdida del uso del vehículo, más las costas y $150 para honorarios de abogado. Solicitada oportunamente reconsideración, el tribunal eliminó la partida de honorarios de abogado y declaró sin lugar la moción en todos sus demás extremos.

En apelación alegan las demandadas que el tribunal a quo erró (1) al fijar en $1,500 la compensación por los daños sufridos por el automóvil del demandante y conceder al mismo tiempo $210 por la pérdida de uso de dicho vehículo y (2) al condenar a la codemandada The Travelers Insurance Co. al pago total de la sentencia, conjuntamente con la otra demandada Metro Taxicabs, Inc. A nuestro juicio, y según veremos, ambos errores han sido cometidos.

▇ En la opinión que sirvió de base a su sentencia, el tribunal inferior llega a las siguientes "Conclusiones de Hechos Probados":

"1. El límite de responsabilidad de la aseguradora, The Travelers Indemnity Company (sic), es sólo hasta la suma de $1,000, de acuerdo con la póliza emitida a favor de la codemandada Metro Taxicabs, Inc.

"2. El automóvil del demandante envuelto en el accidente, es un Packard Sedan, de dos puertas, Modelo 1941, que fué comprado originalmente en 5 de febrero por Ramón Magriñá, de quien lo adquirió más luego el demandante en 1946, y por consiguiente tenía a la fecha del accidente 7 años de uso.(¹)

"3. Antes de la fecha del accidente envuelto en este caso, el automóvil del demandante sufrió dos accidentes, uno en 19 de diciembre de 1946, por el cual el demandante fué compensado en la suma de $280.72 y otro en 26 de julio de 1947, por el cual el demandante fué compensado en la suma de $232.95.

" . . . . . . ° .

"5. *El valor del automóvil del demandante, momentos antes del accidente de febrero 11 de 1948, no era más de $1,500.* Esa misma valoración la dió el demandante el 4 de septiembre de 1947, bajo juramento, en la Hanover Fire Insurance Company, con motivo de la reclamación bajo una póliza de colisión,. . . . .

" . . . . . . .

"7. *En el accidente de febrero 11 de 1948 el automóvil del demandante sufrió desperfectos en la caja o carrocería, que demandan reparaciones de hojalatería y pintura. El automóvil no sufrió daño mecánico alguno.*

"8. Desde el día del accidente hasta la fecha del juicio, el automóvil del demandante ha permanecido a la intemperie sin reparar, en un garaje.

"9. A los pocos días del accidente, Benjamín Acosta, Ajustador de Pérdidas, en representación de las demandadas, ofreció verbalmente y luego por escrito, pagar al demandante el valor total de su automóvil, oferta que fué rechazada por el deman-

---

(¹) El accidente envuelto en este caso tuvo lugar el 11 de febrero de 1948.

dante. Asimismo, le fué ofrecido otro automóvil de iguales condiciones y valor, oferta que fué también rechazada por el demandante. (²)

" . . . . . . . ..

"Un testigo del demandante declaró que había hecho un presupuesto para arreglar el carro del demandante y que en hojalatería y pintura se llevaba la suma de $800 a $1,000 y $400 para la compra de *bumper,* parrilla, etc. Después de examinar los Exhibits A, 1A, 1B y 1C del demandante, llegamos a la conclusión de que ese presupuesto es exagerado....... *Si las reparaciones del carro* (éste nunca fué reparado) *se hubieran llevado a cabo, el tiempo razonable para ello hubiera sido de tres semanas.* ..

" . . . . . . . ..

"No vemos cómo puede reclamarse $1,700 de depreciación con motivo del choque alegado en la demanda, en un automóvil que ya tiene siete años de uso y tiene a su haber dos choques con anterioridad a este accidente, . . . " (Bastardillas nuestras.)

En la opinión del tribunal inferior también figuran las siguientes "Conclusiones de Derecho":

"Por los fundamentos anteriormente expuestos, el tribunal estima que $1,500 es una suma razonable como compensación por los daños sufridos por el automóvil del demandante. Así

---

(²) En los autos figura una carta, marcada *Exhibit* F, que copiada textualmente reza así:

"5 de marzo de 1948

Lcdo. Enrique Cornier Martínez
Apartado 2859
San Juan, Puerto Rico
Estimado Lcdo.:

"Sirve la presente para confirmar nuestra proposición de hace varios días, en el sentido de que la Travelers Indemnity Company (sic), pagará el valor del vehículo del Sr. José Cintrón por motivo de los daños causados por un taxi 'Metro' en 11 de febrero de 1948.

"Estamos dispuestos a someternos a lo que estimen los expertos en cuanto al valor del vehículo averiado.

"Sin otro particular a que referirnos, quedamos de Ud.,

"Atentamente,

"DARGAN & COMPANY, INC.
"Por,

. . . . . . . . . . . . . . . . . . . . . . . . . . .
BENJ. ACOSTA"

también estima el tribunal que el demandante tiene derecho a recobrar la cantidad de $210 por la pérdida de uso, o sea, por el término de 21 días que, según la prueba pudo haber sido reparado dicho automóvil, a razón de $10 diarios."

Salta a la vista inmediatamente que si el límite de responsabilidad de The Travelers Insurance Co., aseguradora del vehículo averiado, era la suma de $1,000, la sentencia contra ésta no podía exceder de esa cantidad. La dictada en su contra por la suma de $1,500 resulta, por tanto, errónea.

 Por otra parte, de las conclusiones del tribunal inferior antes reseñadas se desprende de manera palmaria que éste concluyó que "el valor del automóvil del demandante, momentos antes del accidente de febrero 11 de 1948, no era más de $1,500." Habiéndose dictado sentencia contra las demandadas, condenándoles al pago de $1,500 por concepto de daños y perjuicios, podría inferirse que el propósito fué conceder indemnización por la pérdida total del vehículo. Como repetidamente hemos resuelto que cuando en acciones de daños y perjuicios la pérdida del automóvil es total, el demandante no tiene derecho a recobrar por la pérdida en el uso del mismo, resulta claro entonces que el tribunal inferior erró al fijar la indemnización en la suma de $1,500 y al conceder al mismo tiempo una suma de dinero por la pérdida del uso. *Torres v. González*, 68 D.P.R. 47, 49. Ahora bien, como en la resolución de 29 de noviembre de 1949, dictada en reconsideración se hace constar que "El tribunal no dictaminó que la cantidad de $1,500 a que fueron condenadas las demandadas fuera una compensación por la destrucción total del automóvil, porque precisamente si en algo fué específico el tribunal, fué en el hecho, de que el automóvil en cuestión solamente sufrió desperfectos en la caja o carrocería, no habiendo sufrido dicho automóvil daño mecánico alguno," claramente se colige que su propósito fué meramente conceder una indemnización parcial. Sin embargo, si ése fué su criterio, no vemos cómo pudo fijar la cuantía

de la indemnización en $1,500, ya que en sus conclusiones de hechos claramente dice que ése era el valor del automóvil al momento del accidente.

Conforme dijimos en *Torres* v. *González*, supra, a la pág. 53, citando de *Restatement of the Law, Torts*, sección 928, pág. 658: *"Cuando una persona tiene derecho a que se dicte sentencia a su favor por los daños ocasionádosle a un bien mueble de su propiedad y dichos daños no equivalen a una destrucción total de la cosa, la indemnización comprenderá (a) la diferencia entre el valor de la cosa antes del daño y el valor de la misma después de éste,* o, a opción del demandante, el costo razonable de las reparaciones, cuando ello es posible, más una cantidad razonable por la diferencia que exista entre el valor original de la cosa antes y después de las reparaciones, *y (b) la pérdida por el uso."* (Bastardillas nuestras.) Es innegable en este caso que el automóvil no ha sido reparado. Así, pues, aplicando los principios antes enunciados a la situación de hechos que está ante nos, lo procedente es conceder al demandante por vía de indemnización "la diferencia entre el valor de la cosa antes del daño y el valor de la misma después de éste" más "la pérdida por el uso." Ésta última fué fijada en la suma de $210. Falta, por tanto, determinar tan sólo la diferencia entre el valor del automóvil antes del daño e inmediatamente después de éste. Siendo la cuestión sencilla y a fin de evitar demoras, procederemos a hacerlo así.

Al comenzar el juicio las partes manifestaron al tribunal que únicamente se presentaría prueba sobre los daños, y que todo lo demás alegado en la demanda estaba aceptado. Ya hemos indicado que el tribunal inferior concluyó que el valor del automóvil al momento del accidente era no más de $1,500. Aceptamos esa conclusión como correcta. Es necesario, en su virtud, resolver únicamente cuál era el valor del vehículo inmediatamente después del choque. Rafael Paoli, testigo del demandante, declaró que el automóvil en cuestión al mo-

mento del accidente valdría de $2,300 a $2,500 y que después de ocurrido el mismo calculaba que valdría $500. Mateo Hernández Díaz manifestó que después del choque el vehículo tendría un valor de $900 a $850. Ésos fueron los únicos testigos que declararon a este respecto. En su alegato las demandadas dicen lo siguiente: "Creemos honradamente que la prueba que tuvo ante sí la corte inferior ameritaría una indemnización entre $800 y $1,000, pero nunca una de $1,500." Opinamos que tienen razón. Dando crédito a lo declarado por Paoli a este respecto, llegamos a la conclusión de que el valor del vehículo inmediatamente después del accidente lo era la suma de $500. En tal virtud, debe concederse al demandante indemnización por la suma de $1,000, o sea la diferencia entre el valor del vehículo antes del accidente ($1,500) y el valor del mismo inmediatamente después ($500).

Empero, las demandadas insisten en que según demostró su prueba y de acuerdo con las propias admisiones del demandante, el Ajustador de las dos compañías de seguros envueltas en el caso,[3] pocos días después del accidente ofreció al demandante pagarle el valor total y completo del automóvil averiado, por lo que no creen razonable que se conceda indemnización por pérdida de uso a un reclamante que rechaza momentos después del accidente una oferta de pagarle el valor de su vehículo al momento del accidente y por lo que opinan que de concederse tal indemnización ello equivaldría a premiar y compensar la temeridad del demandante. Aceptamos tal ofrecimiento como cierto, tal cual lo hizo el tribunal inferior.[4] No obstante, el demandante no estaba obligado a aceptar el mismo y su negativa no debe perjudicarle. Según dijimos en *Torres* v. *González*, supra, "cuando el daño es parcial debe indemnizarse al demandante completamente por todos los daños sufridos

---

[3] El vehículo del demandante estaba asegurado con otra compañía.

[4] Véase el párrafo 9 de las conclusiones de hechos del tribunal inferior, que aparecen al principio de esta opinión.

por él . . . Bajo esta última doctrina el demandante aparentemente siempre recibe por su vehículo una cantidad mayor de la que hubiese recibido si la pérdida hubiera sido total. Podría decirse que ello es una falacia." Siendo esto así, el hecho de que el demandante se negara a recibir de las demandadas el valor·total del vehículo no debe militar en su contra.

*Debe modificarse la sentencia apelada en el sentido de rebajar la indemnización por los daños causados al automóvil del demandante a la suma de $1,000·y el monto de la responsabilidad de la aseguradora, The Travelers Insurance Co., a $1,000. (Los $210 por la pérdida de uso del automóvil, y la condena solidaria en costas, subsistirán). Así modificada, debe ser confirmada.*