ANDRÉS ORTIZ RIVERA, demandante y recurrido, *v.* AETNA LIFE INSURANCE COMPANY y CARIBE MOTORS CORPORATION, demandadas y recurrente la última.

*Número*: R-62-33      *Resuelto*: 18 de diciembre de 1963

*Córdova & Cebollero,* abogados de la recurrente; *Lionel Fernández Méndez,* y *Santiago C. Soler Favale,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En febrero 28 de 1958 la Caribe Motors Corporation vendió a plazos, en su establecimiento en Ponce, un camión marca Chevrolet a Andrés Ortiz Rivera por precio total de $7,482.93, del cual abonó la suma de $2,761, valor de un camión usado que el comprador entregó a la vendedora, quedando a deber la suma de $4,721.93 a ser satisfecha en plazos mensuales. En la orden de compra se incluyó la garantía del fabricante de que el vehículo se encontraba libre de defectos en los materiales y mano de obra y se obligaba a

reponer las partes o piezas que resultaren defectuosas dentro de los 90 días desde la compra o antes de haber recorrido el vehículo 4,000 millas.

El vehículo resultó con un defecto de fábrica consistente en un fallo en el motor que producía contraexplosiones. En 12 de marzo y 21 de abril de 1958, cuando aún el vehículo no había recorrido más de 300 millas, los mecánicos de la vendedora intentaron infructuosamente de corregir el defecto o fallo del motor. Ese día 21 de abril mientras el comprador regresaba con el camión a Cayey desde los talleres de la vendedora, luego de ocurrir una contraexplosión el referido camión se incendió sufriendo serios daños. El vehículo no fue reparado y posteriormente la vendedora lo reposeyó habiéndosele adjudicado en subasta por la suma de $4,863.04, quedando así saldada la deuda del comprador.

Instó el comprador Andrés Ortiz Rivera demanda contra la Caribe Motors Corporation y la Aetna Life Insurance Company, ([1]) en reclamación de los daños sufridos con motivo del incendio del camión. Luego de un juicio en los méritos el Tribunal Superior, Sala de Guayama, dictó sentencia condenando a la Caribe Motors Corporation a pagar al demandante, en concepto de daños y perjuicios, la suma de $12,629.00, más las costas y $1,500.00 de honorarios de abogado. Decidimos revisar esta sentencia a solicitud de la dicha demandada.

Se señalan como errores (1) al concluir el Tribunal sentenciador que la recurrente fue responsable del incendio; (2) al computar los daños recobrables por el recurrido, y (3) al condenar a la recurrente al pago de honorarios de abogado.

El primer error no fue cometido. En cuanto a lo que ocurrió la segunda vez que el recurrido llevó el camión a los·

---

([1]) Al comenzar la vista del caso el demandante transigió su reclamación con esta compañía de seguros por la suma de $1,800, y por lo tanto, ella no es parte en este recurso.

talleres de la recurrente para que le corrigiera el defecto o fallo en el motor, el Tribunal de instancia concluyó:

". . . El día 21 de marzo del mismo año volvió el demandante a llevar el camión a los talleres de la Caribe Motors en Ponce. Nuevamente los mecánicos de ésta intervinieron con el motor del camión a saber: con la ignición y con el carburador, habiéndole cambiado los platinos en la ignición y el inyector en el carburador. Cuando el vehículo le fue entregado al demandante, y al éste salir de los talleres indicados manejando el mismo, volvió a manifestarse el fallo del motor y la contraexplosión indicada. Javier Franceschini, mecánico de la Caribe Motors en esa fecha, le indicó al demandante que se llevara el camión y lo trajera el lunes siguiente para acabar de ser reparado. A pesar de la insistencia del demandante para que dejaran el camión en el taller hasta su total reparación, el referido Javier Franceschini se negó manifestando que no estaba autorizado para hacer tal cosa, que el demandante podría manejar en éste y que lo llevara el lunes siguiente para ponerle un carburador nuevo. El demandante procedió a regresar a su pueblo de Cayey, y durante la travesía, mientras el camión tenía el fallo a que se ha hecho referencia, éste dió una contraexplosión que originó un fuego que lo destruyó parcialmente." (Págs. 4 y 5 Relación del Caso y Conclusiones de Hecho y de Derecho.)

■ La prueba fue contradictoria en cuanto a este extremo pero el juzgador resolvió el conflicto a favor del demandante. Un cuidadoso estudio de la transcripción de evidencia revela que no incurrió en error al así hacerlo. Por otra parte, la propia prueba pericial de la recurrente no excluye la probabilidad de que una contraexplosión pueda incendiar el vehículo, según lo estableció la prueba creída por el Tribunal.

El segundo error fue cometido. Concluyó el tribunal a quo:

"16. Con motivo del indicado fuego el demandante ha sufrido los siguientes daños y perjuicios.

(a) Pérdida total del pronto pago ascendente a la suma de $2,761.00 . . .

(b) Pérdida de un encerado, un gato hidráulico, una caja de herramientas y una de maderas para el camión en

cuestión, todos cuyos daños ascienden a la cantidad de $420.00 . . .

(c) Pérdida de uso del mencionado camión desde que ocurrió el fuego el 21 de marzo de 1958 hasta la vista del caso, el día 9 de mayo de 1960, ascendentes dichos daños a la suma de $7,948.00.

(d) Pérdida de la clientela ya establecida, lo que le ocasionó daños que este Tribunal estima que ascienden a la suma de $1,500.00."

En *Torres* v. *González*, 68 D.P.R. 47 (1947), dijimos que cuando el accidente ocasiona al demandante una pérdida total, éste tendrá derecho tan sólo a recobrar el valor del vehículo en el mercado al momento de la colisión y que no hay derecho a la depreciación ni a la pérdida de uso. También dijimos que cuando los daños no equivalen a una destrucción total de la cosa, la indemnización comprenderá (a) la diferencia entre el valor de la cosa antes del daño y el valor de la misma después de éste, o, a opción del demandante, el costo razonable de las reparaciones, cuando ello es posible, más una cantidad razonable por la diferencia que exista entre el valor original de la cosa antes y después de las reparaciones, y (b) la pérdida por el uso.

El tribunal sentenciador concluye que debido al siniestro, "el camión del demandante sufrió daños por valor de $2,654.00, habiendo quedado inservible para el uso normal al cual estaba destinado o sea al de carga de provisiones, . . ." Si se entendiera, como alega la recurrente, que el tribunal concluyó que el vehículo sufrió una pérdida total, no procedería la indemnización por concepto de pérdida de uso, gastos de reparación y depreciación. *Torres* v. *González*, supra. Por el contrario, si se entendiera, como lo entiende el recurrido y lo entendemos nosotros, que el tribunal a quo concluyó que el vehículo del recurrido sufrió una pérdida parcial, entonces la compensación comprendería tanto el costo de las reparaciones como la pérdida de uso y la depreciación, si la prueba establece estos daños. La dificultad con que se encuentra el

demandante-recurrido es que no hay base en la prueba para concederle la indemnización por esos conceptos. No hay prueba sobre lo que costó al demandante las reparaciones porque él nunca ordenó reparar su camión. Por la misma razón tampoco hay prueba del tiempo razonablemente necesario para tales reparaciones, y por ende, ni base para determinar daños por la pérdida de uso. Véase *Cintrón* v. *Metro Taxicabs*, 72 D.P.R. 215 (1951) y *Boria* v. *Maryland Casualty Company*, 60 D.P.R. 830 (1942). El argumento anterior es igualmente aplicable a los daños por depreciación del vehículo. Los daños por pérdida de la clientela son insostenibles. La prueba lo que demuestra es que el recurrido dejó definitivamente de continuar prestando servicios a las personas que le entregaban las cargas. Lo que por tal concepto dejara de ganar, durante el tiempo que duraran las reparaciones, estaría incluido en los daños por pérdida de uso y ya hemos visto que no hay base en la prueba para conceder tales daños. En su consecuencia, los daños concedidos bajo los incisos (c) y (d) del apartado 16 de las Conclusiones del Tribunal, son improcedentes y deben ser eliminadas de la sentencia.

Por último, consideramos que no se cometió error al imponer a la recurrente el pago de honorarios de abogado. Sin embargo, la cuantía concedida es irrazonable y debe reducirse a $175.00.

*Se modifica la sentencia dictada por el Tribunal Superior, Sala de Guayama, de conformidad con esta opinión y así modificada, se confirmará.*