NORBERTO ROMÁN ROMÁN, demandante y recurrido, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandado y recurrente.

*Número:* R-85-269    *Resuelto:* 17 de diciembre de 1985

---

*Héctor Rivera Cruz, Secretario de Justicia, Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogados de El Pueblo, recurrente; *Víctor A. Vélez Cardona,* abogado del recurrido.

## SENTENCIA

En la demanda radicada en el Tribunal Superior, Sala de Utuado, el demandante reclamó compensación por daños sufridos en un accidente descrito en la siguiente forma:

1. Que el día 1 de octubre de 1983, mientras el demandante discurría por la Carretera 128, km. 59.1 de Lares, Puerto Rico resbaló en una parte de la carretera donde había [*sic*] caído unos mapenes conocidos como "panas", lo que provocó que el vehículo del demandante, Marca Honda, modelo 1981 se fuera por el barranco que había en dicha carretera y la cual estaba desprovista de la [*sic*] correspondientes vallas protectoras.

En su contestación el Estado levantó, entre otras, las defensas de que el accidente se debió a la culpa y negligencia, total o parcial, del demandante o a un acto fortuito o de fuerza mayor. Celebrada la vista, el tribunal de instancia dictó sentencia donde declara con lugar la demanda y condena al Estado Libre Asociado a pagar al demandante la suma de $6,930 por el valor de su vehículo, $6,500 por los daños físicos y materiales, más la cantidad de $1,000 para costas, gastos y honorarios de abogado. Declarada sin lugar la moción de determinaciones de hechos adicionales, el Estado instó este recurso. El 3 de julio de 1985 le requerimos al demandante-recurrido mostrar causa por la cual no debíamos modificar la sentencia por los siguientes motivos:

Condenar al Estado Libre Asociado al pago de costas y honorarios de abogado.

Conceder la suma de $6,930 por la pérdida del vehículo sin tomar en consideración el valor en el mercado al momento del accidente. *Torres* v. *González,* 68 D.P.R. 47

(1948) ; *Ortiz* v. *Aetna Life Ins. Co.*, 89 D.P.R. 640 (1963) ; *Díaz* v. *Marshak Auto Dist., Inc.*, 95 D.P.R. 690 (1968).

No haber considerado la negligencia del demandante y, en consecuencia, no aplicar la doctrina de negligencia comparada.

El demandante ha comparecido y sostiene la corrección de la sentencia en cuanto a la determinación de responsabilidad y la valorización de los daños al vehículo. Nada dice en cuanto a la imposición de los honorarios de abogado.

No hay duda de que el Estado incumplió con su deber de ofrecer protección suficiente en la vía de comunicación donde ocurrió el accidente. Art. 404 del Código Político, 3 L.P.R.A. sec. 422; *Publio Díaz* v. *E.L.A.*, 106 D.P.R. 854 (1977) ; *Rivera* v. *Pueblo*, 76 D.P.R. 404 (1954). Obviamente la falta de barreras protectoras nada tiene que ver con la violencia de los elementos u otro caso fortuito. *Resto* v. *P.R. Telephone Co.*, 97 D.P.R. 313 (1969). El tribunal determinó que fue precisamente por la ausencia de las vallas protectoras que ocurrió el accidente y que después del accidente el Estado colocó vallas en dicho lugar. Si bien es cierto que podríamos inferir que el resbalón inicial pudo haberse atribuido, en parte, a la falta de cuidado del demandante, el juzgador de los hechos determinó que el vehículo resbaló por estar húmeda la carretera donde, además, habían caído unas panas. El recurrente no nos ha puesto en condiciones de alterar dicha determinación. Resolvemos que los daños sufridos se debieron única y exclusivamente a la negligencia del Estado. Si hubiera habido vallas protectoras, según lo exigido por el Art. 404, *ante,* no se habrían ocasionado los daños independientemente de la causa inicial del resbalón.

El tribunal de instancia erró al compensar los daños por la pérdida total del vehículo a base de la inversión que hiciera el dueño. Dicha pérdida no puede exceder del valor del vehículo en el mercado a la fecha de ocurrir los daños menos el valor residual del mismo. *Díaz* v. *Marshak Auto Dist., Inc.*, 95

D.P.R. 690 (1968); *Ortiz Rivera* v. *Aetna Life Ins. Co.*, 89 D.P.R. 640 (1963); *Torres* v. *González*, 68 D.P.R. 47 (1947). Aquí el demandante se limitó a presentar prueba de la inversión hecha.

Incidió el tribunal al condenar al Estado Libre Asociado al pago de honorarios de abogado. *Colondres Vélez* v. *Bayrón Vélez*, 114 D.P.R. 833 (1983); *Sucn. Arroyo* v. *Municipio*, 81 D.P.R. 434 (1959).

Se dicta sentencia que elimina las partidas de $6,930 por el valor del vehículo y de $1,000 para costas, gastos y honorarios de abogado y así modificada se confirma la sentencia del Tribunal Superior, Sala de Utuado, en el caso civil número CS-84-253.

Así lo pronunció y manda el Tribunal y certifica el Secretario General Interino. El Juez Asociado Señor Negrón García emitió opinión disidente. El Juez Asociado Señor Rebollo López disintió sin opinión escrita.

(*Fdo.*) Heriberto Pérez Ruiz

*Secretario General Interino*

—O—

Opinión disidente del Juez Asociado Señor Negrón García.

La acción de Norberto Román Román, instada al amparo del Art. 404 del Código Político, 3 L.P.R.A. sec. 422, bajo la premisa de que el accidente se debió a la falta de vallas adecuadas en el borde de dicha carretera, no debió prosperar.

Incontrovertidamente, el foro de instancia encontró probado que a "eso de las 2:30 p.m. al llegar al kilómetro 39.1 *y en una curva la cual estaba húmeda y en adición habían caído unas 'panas', resbaló el vehículo [marca Honda] del demandante yéndose por un barranco* que había al lado derecho de dicha carretera y la cual estaba desprovista de las correspondientes vallas protectoras. A la fecha del accidente y

al lado derecho de la carretera donde ocurrió el accidente, no había vallas protectoras, ni muros que protegiera a los choferes de irse por el barranco. *Fue precisamente por la ausencia de esas vallas protectoras que ocurrió el accidente.* Estas vallas fueron puestas con posterioridad a los hechos por el Estado Libre Asociado de Puerto Rico a través del Departamento de Transportación y Obras Públicas". (Énfasis suplido.)

Ante este trasfondo fáctico resulta innegable que el accidente fue causado por la pérdida de control del vehículo debido a la humedad de la carretera y a la presencia de unas panas. ¿Cómo entonces responsabilizar al Estado? ¿No exigimos responsabilidad absoluta? Nos resulta difícil comprender cómo exigirle al Estado un deber imposible de realizar —evitar la humedad debido a las condiciones climatológicas— o eliminar todos los árboles frutales cercanos a la carretera. Adviértase que la ausencia de vallas nada tuvo que ver con la pérdida del control del auto. Las mismas no hubieran evitado el accidente. Lo único que tal vez hubieran logrado, era variar sus consecuencias, pero incuestionablemente siempre se hubiera producido un impacto contra éstas. Sobre los daños resultantes de la colisión contra esa valla, en términos de agravar o aminorar los mismos, resulta altamente especulativa una conclusión en un sentido u otro. En esta forma la razón de decidir del foro de instancia es errónea, pues le atribuye a los daños el elemento de causalidad per se.

En materia de relación causal, nos regimos por la teoría de la causalidad adecuada o la teoría de la adecuacidad. Véanse *Soc. de Gananciales* v. *Jerónimo Corp.*, 103 D.P.R. 127 (1974) y *Jiménez* v. *Pelegrina Espinet*, 112 D.P.R. 700 (1982). A su amparo, la cuestión se reduce a determinar si: (1) la conducta de un individuo es generalmente apropiada para producir un resultado de la clase dada; y (2) la concurrencia del daño era de esperar en la esfera del curso normal de los acontecimientos o si, por el contrario, queda fuera de

este posible cálculo. J. Santos Briz, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado 1984, T. XXIV, pág. 267.

En el caso de autos se responsabilizó al Estado por la omisión de brindar protección respecto a las vallas. Hemos visto que ello es erróneo. El accidente fue causado al haber patinado el conductor Román Román en una curva donde la carretera estaba húmeda y había unas panas. No se alegó ni probó defecto en la zona de rodaje. Es elemental el principio de que la "velocidad de un vehículo deberá regularse con el debido cuidado, teniendo en cuenta el ancho, tránsito, uso y condiciones de la vía pública. Nadie deberá guiar a una velocidad mayor de la que le permita ejercer el debido dominio del vehículo y reducir la velocidad o parar cuando sea necesario para evitar un accidente". 9 L.P.R.A. sec. 841(a). En el caso de autos, Román Román violó ese principio básico. Véase *Vda. de Vila* v. *Guerra Mondragón*, 107 D.P.R. 418, 424 (1978).