JOSE A. NOYA MONAGAS, ET ALS
Demandantes-Apelados

v.

COMMERCIAL CENTERS MANAGEMENT, ET ALS

Demandados-Apelantes

Núm. KLAN-95-00007

San Juan, Puerto Rico, a 22 de febrero de 1995

Panel integrado por su presidente, el Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto
Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Commercial Centers Management y otros apelan de la sentencia emitida por el Tribunal de Distrito, Sala de San Juan del 21 de noviembre de 1990[1] mediante la cual se le ordenó pagar a los demandantes-apelados $6,243.00 por el hurto de su vehículo, los bienes muebles dentro de éste, costas, intereses y honorarios de abogado. El hurto ocurrió en el local de estacionamiento del centro comercial.

La parte apelante arguye que erró el tribunal en su sentencia porque los demandantes-apelados no probaron la negligencia del centro comercial ni establecieron el nexo causal entre la negligencia imputada y el hurto, limitándose a establecer la cuantía de los daños sufridos. Alegan también que erró al variar el precio de compraventa del vehículo. Sostienen, además, que no procedía la imposición de responsabilidad por la pérdida de los objetos dejados en el baúl del vehículo ni la determinación de temeridad.

Examinados los autos originales, los planteamientos de las partes y el derecho aplicable, procede que se confirme la sentencia apelada.

Las normas aplicables a casos de esta naturaleza, son claras. En cuanto a la responsabilidad de centros comerciales por actos delictivos de terceros cometidos contra un cliente en sus predios, el Tribunal Supremo resolvió que ante un quebrantamiento del deber de proveer adecuada y razonable vigilancia, procederá la imposición de responsabilidad. *J.A.D.M. y otros v. Centro Comercial Plaza Carolina*, ___ D.P.R. ___ (1993) **93 J.T.S. 26,** pág. 10439. En dicho caso se resolvió, además, que ese deber dependerá de la previsibilidad de actos delictivos, es decir, del conocimiento de actos delictivos previos en el centro o de circunstancias que hagan que una persona prudente y razonable pueda anticipar la ocurrencia de tales actos. El quebrantamiento de ese deber dependerá de si las medidas tomadas fueron o no adecuadas ▮

La adecuacidad de dichas medidas está sujeta a (1) la naturaleza del centro comercial y las actividades que se llevan a cabo en éste; (2) la naturaleza de la actividad criminal que se esté registrando en el área del centro; y (3) si las medidas de seguridad que se adopten son razonables y van dirigidas a minimizar la posibilidad de que los patrocinadores del centro sufran daños causados por la actividad criminal intencional de terceros. *Ibid.*

Las determinaciones del tribunal de instancia sostenidas por la prueba establecen que el día del hurto, sábado 24 de octubre de 1987, por decisión de su gerente general, Commercial Centers Management no requirió ni retuvo guardián de seguridad.■ Los sábados no había ronda preventiva, ni torres de vigilancia. A pesar de que en horas de la mañana del mismo día 24 de octubre, se le notificó al Vicepresidente del centro comercial que había ocurrido un hurto de un vehículo en el estacionamiento, no se tomó acción alguna para evitar que volviese a ocurrir. (E.N.P., Autos originales, págs. 129-130).

Los hechos demuestran que no existían medidas de seguridad razonables, ni dirigidas a minimizar los daños por actos delictivos que pudieran causarse en el estacionamiento, aún cuando se tuvo conocimiento de un hurto previo el día del hurto en cuestión. En consecuencia, el tribunal no erró al determinar que procedía la imposición de responsabilidad por la pérdida del vehículo de los apelados.

Por otra parte, el planteamiento de la parte apelante de que el tribunal erróneamente varió el precio de compraventa del vehículo, no encuentra apoyo en la prueba. Lo determinante para valorar los daños de un vehículo que se ha perdido en su totalidad, es el valor de éste en el mercado al momento de su pérdida. *Ortiz v. AETNA Life Ins. Co.,* 89 D.P.R. 640, 644 (1963); *Torres v. González,* 68 D.P.R. 47 (1947). En casos de hurto en que no se recupera el vehículo, debe aplicar igual criterio. El tribunal no erró, pues, al aceptar la declaración del perito de los apelados respecto a que el valor en el mercado del vehículo al momento de su hurto era $12,500.00.

Pasemos al planteamiento sobre la responsabilidad por los objetos dejados en el vehículo. El estacionamiento del centro comercial se operaba con ánimo indirecto de lucro durante los días sábados. Por no operar el día de hurto con ánimo de lucro, no es de aplicación la Ley Núm. 120 de 7 de junio de 1973, 23 L.P.R.A. secciones 805 *et seq.* y el correspondiente Reglamento del Departamento de Asuntos del Consumidor, relativo a que el operador del estacionamiento es responsable de los objetos dejados en el vehículo, de ello haberle sido previamente notificado. *Acevedo v. Plaza Las Américas,* 109 D.P.R. 311 (1980). Aparte de que no había nadie a quien notificar sobre los objetos, según demostró la prueba, en este caso la disposición estatutaria aplicable es el Artículo 1802 del Código Civil de Puerto Rico. 31 L.P.R.A. sección 5141.

Bajo el Artículo 1802 son resarcibles aquellos daños ocasionados por la negligencia de otra persona. En este caso desfiló prueba, creída por el tribunal, de que en el interior del vehículo los apelados habían dejado un radar y un taladro con un valor total de $350.00, que desaparecieron por negligencia de la parte apelante. Por ello, no encontramos que el tribunal actuó erróneamente al conceder daños por la pérdida de esa propiedad.

Por último, en cuanto a la imposición de intereses y de honorarios de abogado, sabido es que la determinación de temeridad descansa en la sana discreción del tribunal de primera instancia. No habiendo base en el récord ni en la prueba de que el tribunal abusó de dicha discreción, no procede intervengamos con su determinación. *Miranda v. E.L.A.,* ___ D.P.R. ___ (1994) **94 J.T.S. 152,** pág. 527.

En atención a todo lo antes expuesto, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 11**

**1.** El prolongado trámite para el perfeccionamiento del recurso apelativo, ocasionó la demora en este caso.

**2.** Mediante contrato con First Caparra Investment Corp., se proveerían guardias de seguridad, según fueran requeridos por la operadora del centro comercial.